649 So.2d 806 (1995)
STATE of Louisiana, Plaintiff-Appellee,
v.
Kenneth Lane CHRISTIAN, Defendant-Appellant.
No. 26,589-KA.
Court of Appeal of Louisiana, Second Circuit.
January 25, 1995.
Rehearing Denied February 23, 1995.
*807 Bobby L. Culpepper & Associates by Bobby L. Culpepper and J. Clay Carroll, Jonesboro, for appellant.
Richard Ieyoub, Atty. Gen., Greg Murphy, Asst. Atty. Gen., for appellee.
Before MARVIN, LINDSAY and STEWART, JJ.
MARVIN, Chief Judge.
Having been convicted of indecent behavior with a juvenile and given a suspended sentence of five years, Kenneth Lane Christian appeals his conviction and sentence, arguing 25 assignments of error.
Two of the argued assignments (6 and 8) arise out of a conversation in a motel room between Christian and his juvenile victim's mother that was tape recorded. Being arrested immediately after the conversation, Christian learned at that time that this conversation was overheard and taped by police. Before trial, the existence of the tape recording and its contents were also formally disclosed to him and his attorney in the State's response to discovery and in the State's disclosure of inculpatory statements. CCrP Art. 768.
Notwithstanding the before-trial knowledge of Christian and his attorney that the conversation was overheard and recorded, Christian failed to file a motion to suppress evidence of the tape of the conversation and instead objected at trial to any reference to the tape of the conversation and its admissibility. By not having filed the motion to suppress evidence of which he was informed before trial, Christian has waived assignments six and eight about any claimed violation of his constitutional rights, federal and state, against unreasonable searches and seizures. CCrP Art. 703 F; State v. Lawrence, 255 So.2d 729 (La.1971); State v. Davidson, 248 La. 161, 177 So.2d 273 (1965). See Annotation, Evidence-Wrongful Search and Seizure, 30 ALR 3d. 531-592.
Finding no merit to the other 23 argued assignments, as discussed in an unpublished appendix to this opinion, we affirm Christian's conviction and sentence.

FACTS
While dating the juvenile victim's mother, Christian, age 51, often picked up the 13-year-old victim at school to drive her to important appointments. In February 1992 Christian picked up the victim at school, taking her to a mall in Monroe to shop for clothes. While en route from the mall to the victim's home, Christian gave her an alcoholic drink and a pornographic magazine. Before reaching home, Christian drove off the highway, and parked on a secluded street where he instructed the victim to remove her pants and underwear. Christian placed a dildo between her legs, digitally penetrated her and fondled her breast. When she complained, Christian drove her home.
In June 1992 the victim reported the incident to her older sister while their mother was out of town with Christian. The sister telephoned an aunt, who sought assistance of her church minister.
Upon returning from New Orleans and being told about the victim's report, the mother contacted the police. A few weeks later the mother suggested to police investigators that she induce Christian to talk to her about the February incident while they recorded the conversation.
On July 23, 1992, sheriffs' deputies rented room five at a motel and installed appropriate recording equipment. Without a warrant, but with the consent of the motel manager, the deputies entered room six of the motel where they placed a microphone after instructing the desk clerk to assign that room to Christian when he sought to rent one. Christian apparently rented room six. The victim's mother arrived later. Christian admitted to the mother that he touched the victim's breast and gave her a dildo, but he denied digital penetration. Police recorded the conversation and arrested Christian as he attempted to leave. The prosecution introduced the tape recording to prove a recording of the conversation was made. The tape was of poor quality and was not played.

ASSIGNMENTS 6 & 8: UNREASONABLE SEARCH AND SEIZURE
Christian argues here that the tape and its contents are inadmissible, being obtained *808 through an illegal search and seizure in violation of his Fourth Amendment rights. He urges that the tape should not have been admitted into evidence for any purpose. He also labels as inadmissible, testimony about the content of the tape by anyone who learned of his statements through the use of the recording device in the motel room.
The substance of his argument is based on the federal exclusionary rule first made applicable to the states in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Mapp required state criminal courts to exclude evidence obtained by an unlawful search and seizure. As noted, Christian did not file the pre-trial motion to suppress. CCrP Art. 703 F. In the absence of a showing of surprise or lack of opportunity to file such a motion, a defendant's failure to file the motion operates as a waiver of any claimed violation of his constitutional rights against illegal search and seizure. Davidson, supra, citing federal authorities.
Louisiana and most of our sister states, following the long-standing procedural requirement of the federal courts, require a defendant to file a motion to suppress to assert his right to exclude unlawfully obtained evidence before a trial on the merits. Reasons for the requirement have been explained: all disputes over police conduct unrelated to the guilt or innocence of the accused are eliminated from the jury trial. Unwarranted delay of the trial and confusion of the jury are avoided. The State and the defense are spared the expense of a useless trial in cases where a legal determination by a judge alone will resolve the constitutional issue. A mistrial when the jury is exposed to unconstitutional evidence, and resulting new trial is also avoided. The State and the accused are afforded advance knowledge of the rules of evidence which must be followed during the trial, the course of which is shortened. See Lawrence, Davidson, and the Annotation, cited supra.

ASSIGNMENTS 3 & 4: TAPE RECORDING AND LETTERS
Christian complains in these related assignments that the prosecutor, in opening argument, referred to the tape recording and to letters Christian wrote. Christian asserts the mere mention of the tape and the letters referred to a confession or inculpatory statement contrary to CCrP Art. 767.
The purpose of CCrP Arts. 766-768 is to prevent surprise and to allow adequate time for preparation of the defense, as well as to avoid certain problems that had been attendant to the mentioning of confessions or inculpatory statements in the State's opening statement. State v. Parker, 436 So.2d 495 (La.1983); State v. Russell, 416 So.2d 1283 (La.1982), U.S. cert. denied; State v. Dickerson, 538 So.2d 1063 (La.App. 4th Cir.1989). Notwithstanding Art. 767, when a defendant is on notice of the State's intention to use his inculpatory statements and the statements are later admitted into evidence, a defendant suffers no prejudice from a premature reference in the State's opening statements to the inculpatory statements. State v. Whitmore, 353 So.2d 1286 (La.1977); State v. Daniels, 614 So.2d 97 (La.App. 2d Cir. 1993), writ denied.
The record reflects the prosecutor told the jury that a tape was made and that he would play it for them. He also told the jurors they would be allowed to read letters Christian wrote. The prosecutor did not state or suggest the substance of the recording or the letters nor refer to them as a confession. As discussed above, the tape and its contents were properly admitted, the substance of the taped conversation being testified to by the victim's mother. The letters were admitted as well.
In Whitmore, supra, the court found no error in denial of a motion for mistrial after the prosecutor said during opening statements that the defendant had made a confession. During opening statements in Dickerson, supra, the prosecutor told the jury it would hear "... that back at headquarters the defendant made some statements to the police...." 538 So.2d at 1067. The court held this vague reference to the statement made by the defendant, not identified as inculpatory or as a confession, was not prejudicial. The statement had been determined to be admissible at a prior hearing. The reviewing court reasoned there was no surprise *809 or prejudice by the reference to "some statements." The trial court correctly denied Christian's motion for mistrial. Dickerson, supra.
We find no error in these assignments.

CONCLUSION
In the unpublished appendix we resolve Christian's other assignments of error which are governed by well-settled authority.

DECREE
At Christian's cost, the conviction and sentence are
AFFIRMED.

APPLICATION FOR REHEARING
Before MARVIN, SEXTON, LINDSAY and STEWART, JJ., and PRICE, J. Pro Tem.
Rehearing denied.