I ¿EDWARDS, Judge.
Defendant/appellant James R. Wilson appeals the sentence of life imprisonment at hard labor imposed upon him by the trial court as a third felony offender after being convicted of attempted first degree robbery in violation of LSA-R.S. 14:27:64.1. For the following reasons, we remand to the trial court for rehearing.
On the morning of May 11, 1997, the defendant entered the Circle K at 4533 Airline Highway to buy some beer. When he placed the beer on the counter, he demanded that the cashier hand over all of the money in the register. Oscar Hudson, the cashier on duty, testified that the defendant kept his left hand inside his pocket as if he carried a gun. The defendant threatened to kill Mr. Hudson if he didn’t give him the money.
While the defendant was accosting Mr. Hudson, a Jefferson Parish Sheriffs Office deputy was walking into the store. The defendant told Mr. | ¡¡Hudson that he was “just joking” and attempted to leave the store. Mr. Hudson quickly notified the deputy of what had just transpired and the deputy arrested the defendant for attempted first degree robbery.
On December 4, 1997, a twelve member jury was empaneled and the case heard before the Honorable Clarence E. Mc-Manus of the Twenty-Fourth Judicial District Court. The jury was presented with testimony and evidence produced by the State. The defense rested without presenting witnesses or introducing evidence. After due deliberation, the jury returned a verdict of guilty as charged to the crime of attempted first degree robbery in violation of LSA-R.S. 14:27:64.1.
On April 21, 1998, the defendant was sentenced to twenty years imprisonment at hard labor. After the sentencing, the trial judge denied the defendant’s motion to reconsider sentence. The State then filed a multiple offender bill of information alleging the defendant to be a third felony offender.
The multiple offender hearing was held on August 21, 1998. The trial judge took the matter under advisement. On September 4, 1998, the trial court found the defendant guilty as a third felony offender under LSA-R.S. 15:529.1. As a third felony offender whose third conviction was a crime of violence, the defendant was given the mandatory sentence of life imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence.
On September 10, 1998, the defendant filed a motion to reconsider sentence, a motion for new trial, a motion for post-judgment verdict of acquittal, and a motion for appeal. The motion for appeal was *730 granted by the trial court. The minute entry of September 4, 1998 indicates that the motion to reconsider sentence was denied. However, this cannot be found in the transcript. The order | ¿on the motion to reconsider sentence indicates a hearing date of October 27, 1998. There is no indication in the record that a hearing took place on that day. The matter is now before this Court for review.
LAW AND ANALYSIS
The defendant alleges two assignments of error on appeal. In his first assignment of error, the defendant alleges that the trial court imposed an excessive sentence. In his second assignment of error, the defendant alleges that his trial counsel was ineffective for failing to file a motion to reconsider sentence following the imposition of the life sentence. This appeal is premature and the case must be remanded to the trial court for a rehearing on the defendant’s motion to reconsider sentence.
A review of the record indicates that defense counsel filed a motion to reconsider sentence on his Ghent’s behalf which was signed by the trial judge on September 10, 1998. The attached order set the matter for hearing on October 27, 1998. The record contains a handwritten minute entry dated October 27, 1998, styled as “nun (sic) pro tunc,” which indicates that the motion to reconsider sentence was denied on September 4, 1998. However, a review of the trial transcript of that day does not indicate that the motion was ruled upon by the trial court. Generally, where there is a discrepancy between the minute entry and the transcript, the transcript should prevail. State v. Lynch, 441 So.2d 732, 734 (La.1983); State v. Haynes, 96-84 (La.App. 5th Cir. 6/25/96), 676 So.2d 1120. Based on this presumption, the record does not indicate a ruling on the motion to reconsider sentence.
This Court addressed the same problem in State v. Winfrey, 97-427 (La.App. 5th Cir. 10/38/97), 703 So.2d 63; writ denied, 98-0264 (La.6/19/98) 719 So.2d 481. In that case, the defendant filed a motion to reconsider his one-hundred year enhanced sentence, which, on appeal, defendant claimed was excessive. This Court found that it would be premature to rule on the excessiveness issue while a motion to reconsider sentence was pending, and remanded the case with these instructions:
Rather than rule on the excessiveness issue while a motion for reconsideration is pending which may vacate the present sentence, we remand the case for a ruling on the motion and supplementation of the record with the results. If the motion to reconsider is granted and defendant is re-sentenced, he may appeal the new sentence. If the motion is denied or if it has already been ruled on, defendant must move to re-lodge this appeal within sixty days of the date of the ruling on the motion to reconsider sentence or the date of this opinion, whichever is later.
State v. Winfrey, supra at 81; See also LSA-C.Cr.P. art. 881.4 C; State v. Smith, 96-285 (La.App. 5th Cir. 10/1/96), 683 So.2d 826; State v. Sanders, 618 So.2d 904 (La.App. 1st Cir.1993).
The record in this case does not indicate that the trial court ruled on the defendant’s motion to reconsider sentence. It is the opinion of this Court that the matter must be remanded to the trial court for a rehearing on the motion to reconsider the enhanced sentence. If the motion to reconsider is granted and the defendant is re-sentenced, he may appeal the new sentence. If the motion is denied or if it has already been ruled on, the defendant must move to re-lodge this appeal within sixty (60) days of the date of the ruling on the motion to reconsider sentence or the date of this opinion, whichever is later.
REMANDED FOR REHEARING.