775 So.2d 463 (2000)
STATE of Louisiana
v.
Ernest BOYD.
No. 2000-KA-0274.
Court of Appeal of Louisiana, Fourth Circuit.
July 19, 2000.
*464 Harry F. Connick, District Attorney, Jane L. Beebe, Assistant District Attorney, New Orleans, Louisiana, Counsel for Plaintiff/Appellee.
Sherry Watters, Louisiana Appellate Project, New Orleans, Louisiana, Counsel for Defendant/Appellant.
(Court composed of Chief Judge ROBERT J. KLEES, Judge DENNIS R. BAGNERIS, Sr., Judge MICHAEL E. KIRBY).
KIRBY, Judge.
The defendant, Ernest Boyd, was charged by bill of information on March 29, 1999, with attempted purse snatching, a violation of La. R.S. 14:27(65.1), and with possession of cocaine, a violation of R.S. 40:967(C).[1] At his arraignment on April 1, 1999, he pleaded not guilty. The trial court found probable cause and denied the motion to suppress the evidence on June 30, 1999. After trial on August 2, 1999, a six-member jury found him guilty as charged of attempted purse snatching and guilty of attempted possession of cocaine. He was sentenced on November 22, 1999, to serve ten years on the attempted purse snatching conviction and to serve two and one-half years on the attempted possession of cocaine conviction; the sentences are to run consecutively. The State filed a multiple bill charging the defendant as a third felony offender, but as of February 24, 2000, no hearing had occurred. There has been no ruling on the defendant's motion for reconsideration of sentence. His motion for an appeal was granted.
At trial, Sergeant Dwight Fernandez testified that about 7:30 p.m. on February 5, 1999, he was driving when he and his partner, Lieutenant Richard Casanova, went out to inspect the police personnel assigned to the parade route. As they were driving on Banks Street near South Dupre Street, they saw a man on the ground and two men over him going through his pockets. The officers stopped so that their headlights were directed on the three men. The defendant was attempting to go through the pockets of the man on the ground; that man was holding on to his pockets to prevent his assailant from getting anything. The officers approached and Officer Fernandez held one man, and Officer Casanova detained the defendant.
Lieutenant Casanova testified to the same facts as Officer Fernandez, and additionally, he said that the defendant had not seen him approaching. The victim said that he was being robbed. Lieutenant Casanova handcuffed the defendant so that his hands were behind his back and told him to sit on the curb. Meanwhile, he ordered an ambulance for the victim who was injured. Then he noticed the defendant "doing this wiggle" and saw that he had "ditched something in the curb." The lieutenant asked the defendant to stand up, and then the officer picked up from the ground a metal rod used for cleaning a crack pipe. He next inspected everything in the defendant's back pocket found a metal crack pipe wrapped in a blue bandanna. A residue was visible in the pipe. The parties stipulated that the residue in the pipe was tested and proved to be crack cocaine.
*465 Mr. Kurt Giebel, the victim, testified that he is a senior financial analyst from Roswell, Georgia. He was working in Louisiana temporarily on February 5, 1999. He was staying at a nearby Best Western Hotel and he ventured out to see the parade that night. As he walked toward Canal Street, he heard footsteps behind him, and then he was hit from the back. He said two men "grabbed me and said, `give us your money, give us your money'." Mr. Giebel had put his wallet and keys in his front pockets for safety, and his assailants were trying to get his hands from his pockets when the police arrived. He said he had a cut on his elbow as a result of the incident. Mr. Giebel said he did not give the defendant permission to take his wallet.
Sergeant Fernandez was recalled in rebuttal. He said less than a minute passed between the time he saw the men and the time it took him to make a U-turn and stop the car in front of the men.
In a single assignment of error, the defendant now argues that the trial court erred in imposing an excessive sentence when he required that the two sentences be served consecutively.
We cannot consider the assignment of error because the trial court has not ruled on the motion to reconsider sentence. It is not procedurally correct to review a defendant's sentence for excessiveness under such circumstances.
For the foregoing reasons, the defendant's conviction is affirmed. We remand this case to the trial court for a ruling on the defendant's motion to reconsider sentence, reserving his right to appeal his sentence once the court has ruled on his motion.
CONVICTION AFFIRMED; CASE REMANDED FOR RULING ON MOTION TO RECONSIDER SENTENCE.
NOTES
[1] On the attempted purse snatching offense, Ernest Boyd was charged with Don L. Lear who pleaded guilty and received a suspended sentence and three years probation with special conditions.