J^MICHAEL E. KIRBY, Judge.
The defendant, Kenneth Roberts, was charged by bill of information on August 31, 2000, with possession of cocaine, a violation of La. R.S. 40:967(C). At arraignment on September 6, 2000, he pleaded not guilty. However, after trial on September 19, 2000, a six-member jury found him guilty as charged. On November 27, 2000, Roberts was sentenced to serve five years at hard labor; his sentence was suspended, and he was placed on five years of active, supervised probation with special conditions. On December 18, 2000, Roberts’ probation was revoked, and he was sentenced to five years at hard labor under La.R.S. 15:574.5, the About Face Program in Orleans Parish Prison. The trial court deferred a ruling on the defendant’s motion for reconsideration of sentence until such time as defendant finished the About Face Program. His motion for appeal was granted.
For the reasons indicated below, a recitation of the facts of the offense is not necessary.
DC.Cr.P. art. 881.1A reads as follows:
A. 1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
*1074 2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
A motion to reconsider sentence under C.Cr.P. art. 881.1 must be made by the defendant or the state. It cannot be made by the court on the defendant’s behalf. The statute specifically lets the court extend the time for filing a motion to reconsider. Thus, if, as in the case at bar, the trial judge was trying to let the convicted defendant complete the now illegal About Face Program in order to reduce his sentence, he should have extended the period of time for the defendant to file his motion to reconsider to a date certain or within a specific period of time. No provision of law authorizes a trial court to defer ruling on a defendant’s motion to reconsider sentence. In State v. Temple, 2000-2183, p. 9 (La.App. 4 Cir. 5/16/01), 789 So.2d 639, 646, we stated:
If the trial court granted an indefinite period within which to file a motion to reconsider the sentence, until the motion is filed and acted upon, a defendant would be precluded from appealing his conviction and sentence because a conviction without a final sentence is a non-appealable judgment. (Italics added.)
Moreover, in cases where the defendant has argued that his sentence was excessive, this Court has held that it is not procedurally correct to review a sentence prior to the trial court’s ruling on the motion. State v. Allen, 99-2579 13(La.App. 4 Cir. 1/24/01), 781 So.2d 88; State v. Boyd, 2000-0274 (La.App. 4 Cir. 7/19/00), 775 So.2d 463.
In this case, the defendant did not object to the deferred ruling by the trial court and does not seek review of his sentence on appeal. However, by deferring the ruling, the trial court is able to amend or change a hard labor sentence after the execution of the sentence in violation of La.C.Cr.P. art. 881 (but as apparently authorized by C.Cr.P. art. 881.1(B)). Thus, as noted in Temple, supra, without a final sentence the conviction is not appeal-able. Accordingly, the case must be remanded for a ruling on the motion to reconsider the sentence.
For the foregoing reasons, the case is remanded to the trial court for a ruling on the motion to reconsider the sentence, reserving the defendant’s right to appeal his conviction and sentence once the court has ruled on the motion.
REMANDED.