807 So.2d 218 (2002)
STATE of Louisiana
v.
Zachary LIPSCOMB.
No. 2000-K-2836.
Supreme Court of Louisiana.
January 25, 2002.
*219 Richard P. Ieyoub, Attorney General, Harry F. Connick, District Attorney, Nicole B. Barron, New Orleans, Scott D. Peebles, Counsel for Applicant.
William R. Campbell, Jr., New Orleans, Counsel for Respondent.
PER CURIAM:
Although it found on the basis of the trial transcript that the police had reasonable suspicion to stop respondent and to frisk him for weapons, the court of appeal concluded that "the State failed to show that the crack pipe [seized from respondent's pocket] was discovered pursuant to the `plain feel' exception recognized in Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993)." State v. Lipscomb, 99-2094, p. 14 (La.App. 4th Cir.9/13/00), 770 So.2d 29, 37. The court of appeal therefore agreed with respondent that defense counsel had rendered ineffective assistance by failing to move before trial to suppress the evidence and that the error, notwithstanding the general preference for addressing claims of ineffective assistance of counsel in post-conviction proceedings and not on appeal, see, e.g., State v. Deloch, 380 So.2d 67, 68 (La. 1980), required reversal of respondent's conviction and sentence for attempted possession of cocaine. Lipscomb, 99-2094 at 15, 770 So.2d at 38. We granted the state's application to reverse that decision because the present record does not, in fact, provide an adequate basis for addressing the merits of the suppression issue and, thus, for assessing the adequacy of counsel's representation. Respondent's proper course for litigating those questions remains in post-conviction proceedings.
The lynchpin of the court of appeal's decision is a single line of trial testimony by New Orleans Police Officer Michael Hughes, who stopped respondent in a court yard of the St. Bernard Housing Project on the basis of suspicious activity observed by the chief of security police for the Housing Authority of New Orleans as he stood at the window of his office. Hughes testified that upon approaching respondent in the court yard to investigate the security chief's suspicions that respondent was trafficking in drugs, Officer Hughes immediately frisked respondent for his safety and "detected the cylinder-like item in his pocket.... I removed that item, and the item was a glass cylinder tube with a white residue in it." For the court of appeal, because "[n]othing in Officer Hughes's testimony explains that his `tactile discovery' of the `cylinder-like item' led him to conclude that it was either a weapon on contraband," the officer's testimony "suggests that only upon removing the object was he aware that it was a crack pipe." Lipscomb, 99-2094 at 15, 770 So.2d at 38. The court of appeal thus concluded that the officer's visual and tactile manipulation of the glass cylinder did not fall under the "plain feel" rationale of Dickerson and that Officer Hughes had therefore seized the evidence illegally. See Bond v. United States, 529 U.S. 334, 120 S.Ct. 1462, 1464, 146 L.Ed.2d 365 (2000) ("probing tactile examination" of a closed container to determine its contents exceeds the scope of a reasonable search permitted by the Fourth Amendment.).
However, the constitutional validity of a seizure is ordinarily a matter for the court to determine in the context of a pre-trial motion to suppress if counsel elects to file one. La.C.Cr.P. art. 703. This requirement insures that "all disputes over police conduct unrelated to the guilt *220 or innocence of the accused are eliminated from the jury trial" and thereby avoids unwarranted delay and jury confusion. State v. Christian, 26,589, p. 4 (La.App. 2nd Cir.1/25/95), 649 So.2d 806, 808, writ denied, 95-0791 (La.9/15/95), 660 So.2d 448. In the present case, with the validity of the search not at issue during trial, defense counsel conceded respondent's possession of narcotics paraphernalia and focused on the question of respondent's guilty knowledge that pipe contained cocaine on the date alleged in the bill of information. Counsel thus argued to jurors that, "I'll tell you this: This [pipe] is used for smoking cocaine in the past and in future.... But that's not what we're talking about, the past or the future.... When somebody picks this out of the trash can, it is not their intention to possess [cocaine]. It is their intention to possess this utensil that is something that holds the [cocaine]."
The state and defense thus agreed at trial that the object removed from respondent's pocket, a so-called "straight shooter" which may be made of either metal or glass, was a single-use object associated exclusively with the smoking of crack cocaine. The prosecutor described it in his closing argument as a "jagged, broken piece of glass all burned up with residue on the inside." Because of their peculiar association with narcotics, crack pipes provide circumstantial evidence of an individual's guilty knowledge that he is in possession of cocaine even when the amount involved constitutes no more than the residue coating the pipe's walls. See, e.g., State v. Knight, 00-1051, p. 5 (La.App. 4th Cir.5/23/01), 794 So.2d 33, 37 ("In crack pipe cases, the peculiar nature of the pipe, commonly known as a `straight shooter' and used exclusively for smoking crack cocaine, is also indicative of guilty knowledge.") (citations and some internal quotation marks omitted); State v. Jones, 94-1261, p. 12 (La.App. 3rd Cir.5/17/95), 657 So.2d 262, 270 ("Physical possession of an instrument with no utility other than the ingestion of crack cocaine is sufficient under the Jackson v. Virginia [443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ] standard to support a conviction for possession of cocaine."); State v. Spates, 588 So.2d 398, 402 (La.App. 2nd Cir.1991) ("From the nature of the defendant's possession of an object with no other use, save as drug paraphernalia, there is no other reasonable explanation but that he had guilty knowledge that the straight shooter contained cocaine residue.").
Because of their singular association with narcotics consumption, crack pipes constitute single-use instrumentalities which do not support any reasonable expectation of privacy. State v. James, 99-3304, p. 1 (La.12/8/00), 795 So.2d 1146, 1147 ("`Not all containers and packages found by the police during the course of a search will deserve the full protection of the Fourth Amendment.... [S]ome containers... by their very nature cannot support any reasonable expectation of privacy because their contents can be inferred from their outward appearance.'") (quoting Arkansas v. Sanders, 442 U.S. 753, 764, n. 13, 99 S.Ct. 2586, 2593, 61 L.Ed.2d 235 (1979)); see also Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983) (no reasonable expectation of privacy in tied-off balloon filled with heroin); United States v. Prandy-Binett, 995 F.2d 1069 (D.C.Cir.1993) (no reasonable expectation of privacy in silver duct-taped brick of methamphetamine). An experienced police officer may therefore determine simply by the contour and feel of a crack pipe through a pants pocket that the object is narcotics paraphernalia subject to seizure under a "plain feel" rationale because its "contour or mass makes its identity *221 immediately apparent." Dickerson, 508 U.S. at 375, 113 S.Ct. at 2137; see, e.g., State v. Lavigne, 95-0204, p. 9 (La.App. 4th Cir.5/22/96), 675 So.2d 771, 778 ("In the present case, Officer O'Neal ... felt an object in Mr. Lavigne's right front pants pocket which, from prior experience, he suspected to be what is commonly called a `crack pipe'.... O'Neal was aware, without further investigation, that the object in appellant's pants pocket was a crack pipe."); State v. Livings, 95-0251 p. 5 (La. App.3rd Cir.11/15/95), 664 So.2d 729, 733 ("While frisking Livings, [Officer] Trahan felt a crack pipe in defendant's pants. Trahan knew it was a crack pipe because he had handled crack pipes numerous times before and knew how they felt.").
In the present case, with the constitutional validity of the search not at issue, neither the state nor the defense had any particular need to delve in detail into the circumstances surrounding Officer Hughes's seizure of the evidence. The officer's trial testimony does not exclude the reasonable possibility that, if his attention were properly directed to those circumstances, the officer would reveal that he knew from his experience that the object he felt through respondent's pants pocket was by its mass and contour a crack pipe and therefore narcotics paraphernalia subject to seizure without a warrant.
The decision of the court of appeal is therefore vacated to the extent that it reverses respondent's conviction and sentence on grounds of ineffective assistance of counsel. The merits of that claim are referred to post-conviction proceedings and this case is remanded to the court of appeal for consideration of the supplemental assignments of error pretermitted on original appeal.
JUDGMENT VACATED IN PART; CASE REMANDED.
JOHNSON, J., dissents and assigns reasons.
JOHNSON, J., Dissenting:
I disagree with the majority's conclusion that defendant's claim of ineffective assistance of counsel must be relegated to post-conviction relief.
The court of appeal concluded that the seizure of the evidence in this matter exceeded the scope of the frisk and could not be justified under the "plain feel" exception recognized in Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993) and that defense counsel rendered ineffective assistance by failing to move before trial to suppress the evidence. A claim of ineffectiveness is generally relegated to post-conviction relief, unless the record permits definitive resolution on appeal. State v. Prudholm, 446 So.2d 729 (La.1984). However, when the record contains sufficient evidence to decide the issue of ineffective assistance of counsel, and the issue has been raised by assignment of error on appeal, this court will review the complaint "in the interest of judicial economy." State v. Hamilton, 92-2639 (La.7/1/97), 699 So.2d 29, 31; State v. Ratcliff, 416 So.2d 528, 530 (La.1982).
In this case, defendant was convicted in 1998 and was sentenced to serve four years in prison. If this claim is relegated to post-conviction relief, by the time this court reviews the matter, defendant may well have completed his sentence, and the issue would be moot. The record clearly contains all of the evidence necessary to consider the issue of ineffective assistance of counsel. It is clear from the record that defendant's counsel failed to file a motion to suppress. The record also contains the transcript containing the testimony of the police officer who seized the *222 evidence and the events surrounding defendant's arrest. Therefore, the record is sufficient to evaluate defendant's claim on the merits.
After reviewing the facts surrounding the seizure of the evidence, I agree with the Court of Appeal that the evidence was illegally seized under Dickerson, supra, in that its identity was not immediately apparent to be a weapon or contraband. Accordingly, I would affirm the decision of the Court of Appeal.