817 So.2d 81 (2002)
STATE of Louisiana
v.
Marva L. WATSON a/k/a Lawrence Lackings.
No. 2000-K-1580.
Supreme Court of Louisiana.
May 14, 2002.
*82 Richard P. Ieyoub, Attorney General, Harry F. Connick, District Attorney, Nicole B. Barron, Valentin M. Solino, Scott D. Peebles, Counsel for Applicant.
William R. Campbell, Jr., New Orleans, Counsel for Respondent.
Marvin Waston, Respondent, pro se.
KNOLL, Justice.[*]
Although the appellate court found that the defendant, Marva L. Watson a/k/a Lawrence Lackings,[1] was estopped from raising the issue that evidence seized at his arrest should have been suppressed because trial counsel did not raise this issue in the trial court, it nevertheless agreed with the defendant's contention first raised on appeal that defense counsel had rendered ineffective assistance by failing to move before trial to suppress the evidence. Accordingly, the appellate court reversed the defendant's conviction and sentence for possession of heroin.
We granted the State's application. State v. Watson, 00-1580 (La.6/22/01), 793 So.2d 1256. After reviewing the jurisprudential backdrop applicable to this query, we reverse the appellate court decision because the present record does not adequately provide a basis for addressing the merits of the suppression issuethe fundamental question for assessing the adequacy of counsel's representation in this case. The defendant's proper course for litigating that question is in post-conviction proceedings. Therefore, we reverse the appellate court and reinstate the defendant's conviction and sentence. His claim for ineffective assistance of counsel is relegated to post-conviction relief.

FACTS AND PROCEDURAL HISTORY
On October 5, 1998, at approximately 5:00 p.m., Officers Michael Sinegar and Wellington Beaulieu of the New Orleans Police Department were on foot patrol in the Florida Housing Development in New Orleans when they observed the defendant, Lawrence Lackings, and another unidentified person walk into the hallway. Officer Sinegar testified that as he saw the defendant walking out of the hallway, he observed the defendant's right hand balled into a fist. At this point, Officer Sinegar asked the defendant to open his right hand. In response, the defendant dropped his right arm to the ground, opened his right hand, and discarded a small piece of aluminum foil on the ground. Officer Beaulieu retrieved the discarded piece of aluminum foil, opened it, and observed a white powder residue inside the foil. As the officers' attention focused on the defendant, the other individual who accompanied the defendant ran away. When Officer Sinegar advised the defendant that he was under investigation for a narcotic violation, the defendant began walking away. At this point, Officer Sinegar advised the defendant that he was under arrest for a drug law violation. After a struggle ensued, the officers wrestled the defendant to the ground and was forced to use pepper spray to subdue him. The State *83 charged the defendant with one count of possession of heroin, a violation of LA.REV. STAT. ANN. § 40:966.
On October 13, 1998, the defendant, accompanied by court-appointed counsel, waived the reading of the bill of information and entered a plea of not guilty to the charge of possession of heroin. At a motion hearing on October 19, 1998, defense counsel withdrew his motions for preliminary examination and all discovery motions when the State provided him with a copy of the police report.
This matter went to trial before a jury on October 26, 1998. After the State and the defendant stipulated that the substance found in the aluminum foil was heroin and that it weighed one-tenth of a gram,[2] the State called only one witness, Officer Sinegar, who testified about what had transpired at the time he and his partner encountered the defendant.[3] The defendant took the stand in his defense. In stark contrast to the police officer's testimony, the defendant testified that the police officers pulled him from his bicycle as he rode through the housing development, asked him about the whereabouts of another individual, and then beat him before arresting him. On cross-examination, the defendant admitted misdemeanor convictions, including possession of a concealed weapon, and several misdemeanor theft convictions.
After deliberating for fifty minutes, a jury of twelve found the defendant guilty as charged. Subsequently, on November 3, 1998, the trial judge sentenced the defendant to serve four years at hard labor without benefit of probation or suspension of sentence. When the trial court denied the defendant's motion to reconsider sentence, the defendant filed a motion for appeal.[4]
On appeal, the defendant contended that the arresting officers lacked reasonable suspicion to initially stop him, and further argued that trial counsel rendered ineffective assistance when he failed to file a motion to suppress evidence and to object to the introduction of the aluminum foil packet into evidence at trial. A divided panel of the appellate court vacated the defendant's conviction and sentence, finding that the defendant's trial counsel was constitutionally ineffective. In reaching this conclusion, the appellate court found that the trial counsel should have filed a motion to suppress because the aluminum foil package was illegally seized. A majority of the appellate panel stated that, "The state failed to show there was reasonable suspicion to stop the defendant and order *84 him to open his clenched fist." State v. Watson, 99-0243 (La.App. 4 Cir. 5/3/00), 763 So.2d 713, 718. A lone dissenter on the appellate court disagreed with the majority's analysis on the ground that the defendant had no privacy expectation in the abandoned foil package, and, thus, the evidence was lawfully seized.

DISCUSSION
Generally, the preference for addressing claims of ineffective assistance of counsel is a post-conviction proceeding in the trial court, not on appeal. State v. Deloch, 380 So.2d 67, 68 (La.1980). The rationale behind such procedure is that a full evidentiary hearing may be conducted to explore the issue. State v. Stowe, 93-2020 (La.4/11/94), 635 So.2d 168; Deloch, 380 So.2d at 68.
It is also well settled that the constitutional validity of a seizure is ordinarily a matter for the trial court to determine in the context of a pre-trial motion to suppress, if counsel elects to file one. LA. CODE CRIM. PROC. ANN. art. 703; State v. Lipscomb, 2000-2836, p. 1 (La.1/28/02), 807 So.2d 218. This procedural requirement insures that disputes over police conduct unrelated to the accused's guilt or innocence are eliminated from the jury trial; in this way, not only is unwarranted delay avoided, but the possibility of jury confusion is significantly lessened. Lipscomb, p. 1, 807 So.2d 218.
In the present case, the question of the constitutional validity of the seizure of the aluminum foil-wrapped heroin was not at issue in the trial court. Thus, when the State tried this matter, its witnesses were not required to elaborate on why they stopped the defendant. Accordingly, neither the State nor the defendant had any need to scrutinize the detailed circumstances surrounding the seizure of the aluminum foil packet and explore the evidence attendant to that police action. Therefore, the trial testimony of Officer Sinegar focused only on the State's burden to establish beyond a reasonable doubt that the defendant possessed heroin.
In light of the very limited testimony entered into evidence, see n3, supra, and the procedural posture of this case, we find that the court of appeal erred when it addressed the defendant's claim of ineffective assistance of counsel. A hearing in the trial court on a properly filed petition for post-conviction relief can illuminate the record and allow the court to hear evidence relating to defendant's claim of ineffective assistance of counsel.
For the foregoing reasons, we reverse the judgment of the court of appeal and reinstate defendant's conviction and sentence. The defendant's claim of ineffective assistance of counsel is referred to post-conviction proceedings.
JUDGMENT REVERSED, CONVICTION AND SENTENCE REINSTATED.
CALOGERO, C.J., concurs and assigns reasons.
JOHNSON, J., dissents and assigns reasons.
CALOGERO, Chief Justice, concurs and assigns the following reasons:
I agree with the majority's disposition reversing the court of appeal and affirming the conviction because the present record does not adequately provide a basis for assessing the adequacy of the representation provided by defendant's counsel. A review of the defendant's claim of ineffective assistance of counsel is better reserved for post-conviction relief. I concur, however, to point out that the police report is at variance with the testimony of the officer who said that the defendant simply dropped the aluminum foil containing heroin. *85 The police report indicates that the defendant's hand was seized, facilitating his dropping of the aluminum foil. This discrepancy in the evidence is relevant to the motion to suppress that was not filed by defendant's attorney, an asserted deficiency on the part of the attorney that prompted the court of appeal to reverse defendant's conviction for ineffective assistance of counsel.
JOHNSON, J., dissenting.
Under the principles set forth in California v. Hodari D., 499 U.S. 621, 626, 111 S.Ct. 1547, 1551, 113 L.Ed.2d 690 (1991) and State v. Tucker, 626 So.2d 707 (La. 1993), in my mind, it is clear that the officers did not possess the requisite reasonable suspicion to make an investigatory stop. The sole basis articulated for the stop was that defendant was observed to have his right fist clenched in a hallway where, according to Officer Sinegar's testimony, it was common for people to "do drugs." There was no testimony that the officers had knowledge that defendant had participated, or was about to participate, in any criminal activity. Merely observing an individual in a public housing development with a clenched fist falls far short of establishing reasonable suspicion.
It is well settled that property abandoned pursuant to an illegal stop cannot be seized by police officers. State v. Belton, 441 So.2d 1195, 1199 (La.1983), cert. denied, Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). In my mind, the court of appeal's reliance on State v. Ratliff, 98-0094 (La.App. 4th Cir.5/19/99), 737 So.2d 252, writ denied, 99-1523 (La.10/29/99), 748 So.2d 1160, was not misplaced. In that case, the defendant and others were observed by law enforcement in a "high crime area." Ratliff had his arms crossed and his fist clenched. The officers ordered the men to approach and put their hands on the police car. As the defendant did so, he dropped an object from his clenched fist. The officers retrieved the object which was determined to be crack cocaine. At trial, the officer admitted that Mr. Ratliff was not free to walk away at the time the evidence was discarded. Ratliff, 737 So.2d at 254.
In the instant case, soon after defendant was arrested, Officer Michael Sinegar, completed an arrest report, documenting the following:
Officer Sinegar observed arrested subject right hand was closed fist. Officer Sinegar attempted to open the arrested subject hand and the arrested subject discarded from his right hand a foil package onto the ground. Officer [Wellington] Beaulieu retrieved the package and it contained a white powder substance. The arrested subject was advised of his rights and was transported to CLU.
Conversely, Officer Sinegar testified at the trial as follows:
A. He had his right fist. He had his right hand with his right fist in a balled up manner. As I asked Mr. Lackings to open up his right hand, he droppedhe dropped his right arm to the ground and opened his right hand, and he dropped a small piece of aluminum foil.
I believe that the police report, completed fifteen minutes after the arrest, is more reliable that the officer's testimony twenty-one days later. According to the officer's own report, defendant did not voluntarily open his hand and drop the foil package. Rather, the officer admittedly "attempted to open [defendant's] hand...." Thus, I can only conclude that the officer approached defendant and grabbed his hand, and it is highly improbable that *86 defendant was free to walk away at that point. Consequently, it is clear that defendant was "seized," for purposes of the Fourth Amendment, at the point when the officer approached him and attempted to open his hand, and defendant did not voluntarily abandon the evidence.
NOTES
[*] Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.
[1] Under cross-examination, the defendant stated that he was also known as Marva Watson, but that he preferred to be called Lawrence Lackings. All of the police reports and the proceedings were brought against Marva Watson a/k/a Lawrence Lackings.
[2] In support of this stipulation, the State also introduced a copy of the criminalist report which indicated that the white powder found in the aluminum foil tested positive for heroin.
[3] Our review of the record shows that Officer Beaulieu, the other officer involved in the defendant's arrest, recounted the events surrounding the arrest somewhat differently. In an incident report dated the day of the defendant's arrest, he stated that "Officer Sinegar attempted to open the arrested subject's hand and the arrested subject discarded from his right hand a foil package onto the ground." Because Officer Beaulieu did not testify at trial, examination of this officer at a hearing in a post-conviction proceeding as well as defense counsel will illuminate the question of whether a motion to suppress should have been pursued prior to trial.
[4] The transcript and the minute entry conflict on the conditions imposed at the sentencing hearing. Although the minute entry shows that the trial court imposed the sentence without benefit of parole, probation, or suspension of sentence, the trial transcript reflects that the trial court did not prohibit parole eligibility. Where the minute entry and transcript conflict, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983); State v. Godejohn, 425 So.2d 750 (La., 1983).