LTERRI F. LOVE, Judge.

STATEMENT OF CASE

On July 19, 2001, the defendant, Keith Foster, was charged by bill of information with possession of cocaine in violation of La. R.S. 40:967. The defendant pled not guilty at his arraignment on July 24, 2001. After a jury trial on August 7, 2001, the defendant was found guilty as charged. On October 9, 2001, the trial court sentenced defendant to serve five years at hard labor. On the same date, the State filed a multiple bill of information alleging defendant to be a second felony offender. The defendant pled guilty to the multiple bill of information. The trial court accepted the defendant’s plea, vacated the original sentence imposed and resentenced defendant to serve five years at hard labor. The defendant’s sentence was to be served pursuant to La. R.S. 15:574.5. The defendant filed a motion to reconsider sentence which was continued without date by the trial court. Defendant’s motion for appeal was granted and a return date of December 28, 2001 was set.

STATEMENT OF FACT

At approximately 9:00 a.m. on July 10, 2001, Officers Michael Carmouche and Bruce Gentry were on routine patrol in the 2400 block of D’Abadie when they observed the defendant walking down the street. As the officers passed the |2defendant, they noticed the defendant take something out of his pocket and put it on the ground next to a parked vehicle. The officers thought the defendant’s actions were'suspicious and circled the block. When they returned, they observed the defendant walking in the opposite direction. The defendant walked to the area where he dropped the unknown object and picked up an object and put it in his pocket. The officers decided to stop the defendant as they thought he was up to something. The officer stopped their vehicle and approached the defendant. The defendant attempted to run past Officer Gentry. Officer Gentry grabbed the defendant’s shirt, and they both fell to the ground. Officer Carmouche assisted Officer Gentry in subduing and handcuffing the defendant. Officer Gentry frisked the defendant for weapons. He felt a large bulge in the defendant’s right pants pocket. Officer Gentry stated that the bulge felt like a gun. He retrieved the object from the defendant’s pocket and discovered that it was eighteen plastic baggies of *74 marijuana and two pieces of crack cocaine. The officers then placed the defendant under arrest. In a search incident to arrest, the officers found one hundred seventy-four dollars on the defendant.
It was stipulated at trial that Officer Giblin would testify that the two white substances found on the defendant tested positive for cocaine.
At trial, the defendant denied being in possession of cocaine at the time the officers stopped him. He stated that he was on his way to work when the two officers stopped him. The defendant testified that he did not attempt to run. He stated that the officers kicked him to the ground. The defendant admitted to a prior conviction for felony theft in February of 2000.

TERRORS PATENT

A review of the record reveals the trial court did not rule on the motion to reconsider the sentence but stated that the motion was continued without date.[1] No provision of law authorizes a trial court to defer ruling on a defendant’s motion to reconsider sentence. In cases where the defendant has argued that his sentence was excessive, this court has held that it is not proeedurally correct to review a sentence prior to the trial court’s ruling on the motion. State v. Allen, 99-2579 (La.App. 4 Cir. 1/24/01), 781 So.2d 88; State v. Boyd, 00-0274 (La.App. 4 Cir. 7/19/00), 775 So.2d 463.
In this case the defendant did not object to the deferred ruling by the trial court and does not seek review of his sentence on appeal. The trial court’s failure to rule on the motion to reconsider sentence does not preclude appellate review of the defendant’s conviction, however. See State v. Davis, 2000-0275 (La.App. 4 Cir. 2/14/01), 781 So.2d 633; State v. Boyd, supra; State v. Allen, supra. We therefore have performed that review. Once the trial court has ruled on defendant’s motion to reconsider sentence, he will have the right to appeal that decision.[2]

DISCUSSION

ASSIGNMENT OF ERROR NUMBER 1

[4In his sole assignment of error, the defendant contends that his trial counsel was ineffective for failing to file a motion to suppress evidence. The defendant argues that the police officers lacked reasonable cause to stop and frisk him.
Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post conviction relief, filed in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Johnson, 557 So.2d 1030 (La.App. 4 Cir.1990); State v. Reed, 483 So.2d 1278 (La.App. 4 Cir.1986). Only if the record discloses sufficient evidence to rule on the merits of the claim do the interests of judicial economy justify consideration of the issues on appeal. State v. Seiss, 428 So.2d 444 (La.1983); State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Garland, 482 So.2d 133 (La.App. 4 Cir.1986); State v. Landry, 499 So.2d 1320 (La.App. 4 Cir.1986).
*75 The defendants’ claim of ineffective assistance of counsel is to be assessed by the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La.1984). A defendant must show that counsel’s performance was deficient and that the deficiency prejudiced the defendant. Counsel’s performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the “counsel” guaranteed to the defendant by the Sixth Amendment. Strickland, supra at 686, 104 S.Ct. at 2064. Counsel’s deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to | ¡¡undermine confidence in the outcome.” Strickland, supra at 693, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. State v. Sparrow, 612 So.2d 191, 199 (La.App. 4 Cir.1992).
This court has recognized that if an alleged error falls “within the ambit of trial strategy” it does not “establish ineffective assistance of counsel.” State v. Bienemy, 483 So.2d 1105 (La.App. 4 Cir.1986). Moreover, as “opinions may differ on the advisability of a tactic, hindsight is not the proper perspective for judging the competence of counsel’s trial decisions. Neither may an attorney’s level of representation be determined by whether a particular strategy is successful.” State v. Brooks, 505 So.2d 714, 724 (La.1987).
Here, the defendant argues that trial counsel was ineffective because he failed to file a motion to suppress the evidence. However, if there was no basis for the suppression of the evidence, then the defendant was not prejudiced by defense counsel’s failure to move to suppress the evidence or to object to its introduction. The court must consider whether the evidence was illegally seized.
In order to lawfully seize the cocaine, the officers had to have reasonable suspicion to stop the appellant. In State v. Dank, 99-0390 pp. 4-5 (La.App. 4 Cir. 5/24/00), 764 So.2d 148, 154-155, this court addressed the issue of reasonable suspicion to support an investigatory stop of a suspect:
La.C.Cr.P. art. 215(A) provides that:
A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
| ¡¡“Reasonable suspicion” to stop is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each ease to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect’s rights. State v. Littles, 98-2517, p. 3 (La.App. 4 Cir. 9/15/99), 742 So.2d 735, 737; State v. Clay, 97-2858, p. 4 (La.App. 4 Cir. 3/17/99), 731 So.2d 414, 416, writ denied, 99-0969 (La.9/17/99), 747 So.2d 1096. Evidence derived from an unreasonable stop, i.e., seizure, will be excluded from trial. State v. Benjamin, 97-3065, p. 3 (La.12/1/98), 722 So.2d 988, 989; State v. Tyler, 98-1667, P. 4 (La.App. 4 Cir. 11/24/99), 749 So.2d 767, 770. In assessing the reasonableness of an investigatory stop, the court must balance the need for the stop against the invasion of privacy that it entails. See State v. Harris, *76 99-1434, pp. 2-3 (La.App. 4 Cir. 9/8/99), 744 So.2d 160, 162. The totality of the circumstances must be considered in determining whether reasonable suspicion exists. State v. Oliver, 99-1585, p. 4 (La.App. 4 Cir. 9/22/99), 752 So.2d 911, 914; State v. Mitchell, 98-1129, p. 9 (La.App. 4 Cir. 2/3/99), 731 So.2d 319, 326. The detaining officers must have knowledge of specific, articulable facts, which, if taken together with rational inferences from those facts, reasonably warrant the stop. State v. Dennis, 98-1016, p. 5 (La.App. 4 Cir. 9/22/99), 753 So.2d 296, 299; State v. Keller, 98-0502, p. 2 (La.App. 4 Cir. 3/10/99), 732 So.2d 77, 78. In reviewing the totality of the circumstances, the officer’s past experience, training and common sense may be considered in determining if his inferences from the facts at hand were reasonable. State v. Cook, 99-0091, p. 6 (La.App. 4 Cir. 5/5/99), 733 So.2d 1227, 1231; State v. Williams, 98-3059, p. 3 (La.App. 4 Cir. 3/3/99), 729 So.2d 142, 144. Deference should be given to the experience of the officers who were present at the time of the incident. State v. Ratliff, 98-0094, p. 3 (La.App. 4 Cir. 5/19/99), 737 So.2d 252, 254, writ denied, 99-1523 (La.10/29/99), 748 So.2d 1160.
In State v. Benjamin, 97-3065 (La.12/1/98), 722 So.2d 988, officers on patrol saw the defendant walking down the street. When the defendant saw the officers, he clutched his waistband and ran. The officers pursued, and the defendant threw down a gun. On appeal, this court found no reasonable suspicion of criminal activity to support the imminent stop. State v. Benjamin, 96-2781 (La.App. 4 Cir. 11/26/97), 703 So.2d 192. However, on writs the Supreme Court reversed this court, finding that the combination of flight and the defendant’s clutching his waistband gave the officers reasonable suspicion to stop the defendant.
In the present case, the officers testified at trial that the defendant aroused their suspicions because of his actions in dropping an object when he observed them and then retrieving the object when he thought the officers were gone. Officer Gentry also testified that the defendant appeared to be watching the officers as if to monitor their actions. Officer Gentry attempted to testify as to the reasons the officers were on proactive patrol that morning, i.e., citizens’ complaints of narcotics activity in the area. However, defense counsel objected to the testimony as inadmissible hearsay, and the trial court sustained the objection.
Defense counsel’s objection was valid and highlights the difference between trial and a suppression hearing. While hearsay is admissible at a suppression hearing to determine whether the police officers had reasonable cause or probable cause for their actions and in determining the legality of a search and seizure, hearsay is not admissible at trial determining the defendant’s guilt or innocence. This issue was recently addressed by the Louisiana Supreme Court in State v. Lipscomb, 2000-2836 (La.1/28/02), 807 So.2d 218. The Court stated that “the constitutional validity of a seizure is ordinarily a matter for the court to determine in the context of a pre-trial motion to suppress if counsel elects to file one. La.C.Cr. P. art. 703. This requirement insures that ‘all disputes over police conduct unrelated to the guilt or innocence of the accused are eliminated from the jury trial’ and thereby avoids unwarranted delay and jury confusion. State v. Christian, 26,589, p. 4 (La.App. 2nd Cir.1/25/95), 649 So.2d 806, 808, writ denied, 95-0791 (La.9/15/95), 660 So.2d 448.” Lipscomb, 2000-2836, p. 1.
|sIn Lipscomb, the defendant claimed that his trial counsel was ineffective for *77 failing to file a motion to suppress a crack pipe found in the defendant’s pocket. The police officer testified at trial that he “detected the cylinder-like item in his pocket ... I removed that item, and the item was a glass cylinder tube with a white residue in it.” Id. The Court noted that because the validity of the search was not an issue at trial,
neither the state nor the defense had any particular need to delve in detail into the circumstances surrounding Officer Hughes’ seizure of the evidence. The officer’s trial testimony does not exclude the reasonable possibility that, if his attention were properly directed to those circumstances, the officer would reveal that he knew from his experience that the object he felt through respondent’s pants pocket was by its mass and contour a crack pipe and therefore narcotics paraphernalia subject to seizure without a warrant.
Lipscomb, 2000-2836, p. 5, 807 So.2d at 221.
The Supreme Court determined that the appellate record was insufficient to determine whether defendant’s counsel was ineffective in failing to file a motion to suppress evidence and concluded that the issue should be reviewed in an application for post conviction relief.
Likewise, in the present case, the record is insufficient to determine whether defendant’s trial counsel was ineffective in failing to file a motion to suppress the cocaine found on the defendant. The record does not present sufficient evidence to determine the merits of a motion to suppress the evidence if one had been filed. Testimony from the police officers that would be admissible at a suppression hearing was deemed inadmissible at trial. Therefore, this issue is more appropriately reviewed in an application for post conviction relief.
This assignment is without merit.

CONCLUSION

Accordingly, the defendant’s conviction is affirmed.
AFFIRMED.

. The court sentenced this second offender to five years at hard labor, specifying that he take part in the About Face Program in Orleans Parish Prison.

. Cf: State v. Roberts, 2001-0283 (La.App. 4 Cir. 1/23/02), 807 So.2d 1072, which held that when a trial court has failed to rule on a motion to reconsider, the sentence is not final and, as a result, the conviction cannot be appealed. We do not consider Roberts to be controlling law in this Circuit, as the court in Roberts did not distinguish or overrule the prior conflicting decisions in Davis, supra, Boyd, supra, or Allen, supra.