I Judge STEVEN R. PLOTKIN.
The issue in this appeal is whether the sentence imposed by the trial court was excessive. For the reasons below, we remand to the trial court for a ruling on the Motion for Reconsideration of Sentence.
Procedural History
Defendant, John Dorsey, was charged by a bill of information with possession with intent to distribute cocaine a violation of La. R.S. 40:967 and obstruction of justice by attempting to destroy evidence a violation of La. R.S. 14:130.1. The defendant failed to appear at his scheduled arraignment and the trial court issued an alias capias. Dorsey was later arrested on the alias capias and the trial court increased the defendant’s bond. The state amended count one of the bill of information to charge the defendant with possession of twenty-eight to two hundred grams of cocaine. The defendant pled not guilty at arraignment. A hearing was held on Dorsey’s motion to suppress evidence and motion for preliminary hearing. The trial court denied the motion to suppress the evidence and found probable cause.
On November 29, 2001, the defendant entered guilty pleas to both counts. On January 25, 2002, the defendant appeared for sentencing in this matter. The Ltrial court sentenced Dorsey to ten years without benefit of probation, parole or suspension of sentence as to possession with intent to distribute cocaine. As to the charge of obstruction of justice the trial court sentenced the defendant to ten years at hard labor. The trial court ordered both counts to be served concurrently. Another action pending against the defendant, docket number 421-920, was consoli *348 dated with this case at that time. In docket number 421-920, Dorsey was charged with the attempted murder of New Orleans Police Officer Juan Barnes. After hearing victim impact testimony relating to docket number 421-920, the trial court further sentenced the defendant to an additional fifteen year sentence. The trial court ordered that the fifteen year sentence in docket number 421-920 was to be served following the completion of the sentences imposed in docket number 419-989. The trial court noted that the defendant at the close of the hearing made an objection. On January 28, 2002, the defendant filed a motion to reconsider sentence. Defendant’s motion for appeal was granted, but the defendant’s motion to reconsider the sentence has not been ruled upon.

STATEMENT OF FACT

The following facts stem from docket number 419-989[1]: Officer Octavio Baldas-saro of the New Orleans Police Department testified that on December 28, 2000, he and his partner, Officer Richard Leblanc, were on foot patrol in the Fischer Housing Development. Officer Baldassaro stated that he saw the defendant approaching, and that when the defendant observed the officers he turned around and ran away. Officer Baldassaro observed the defendant remove two plastic bags from his pants pocket and discard them to the ground. While |3Officer Leblanc retrieved the discarded bags, Officer Baldas-saro followed the defendant into an apartment where he observed him discard an object into the toilet and attempt to flush the toilet. The officer was able to prevent this action and retrieved what later proved to be crack cocaine from the toilet.

ERRORS PATENT

The record reflects that the trial court has failed to rule on defendant’s motion to reconsider sentence. Defendant’s motion contends that the sentence is not in conformity with the guilty plea form signed by the defendant and the trial court. Defendant’s assignment of error is that the trial court erred by failing to order the sentences in the two cases to be served concurrently.[2]
The Defendant contends that he agreed to sign a plea agreement on November 29, 2001, which under its terms, all sentences were to be served consecutively. At the subsequent sentencing proceeding, the Defendant was ordered to serve two ten year sentences concurrently followed by a fifteen year sentence to be served consecutively for a total of twenty-five years. This sentence of two ten year concurrent sentences followed by a fifteen year consecutive sentence may be in violation of the plea agreement entered into by the Defendant. The terms of the agreement refer to sentences to be served concurrently. However, it is not clear whether this sentence applies to docket number 421-920.
The trial court, however, has not ruled upon the Defendant’s existing motion to reconsider sentence. This Court, along with the First and Fifth Circuits, has consistently refused to consider sentencing issues on appeal in cases in which there |4have been no ruling on a motion to reconsider sentence. In State v. Allen, this *349 Court refused to address the sentencing issue stating,
Considering that the record in the instant case reflects that the trial court has not held a hearing on the motion to reconsider sentence, and that a trial court has discretion to reduce the defendant’s sentence if it believes such reduction is appropriate, we will not address the issue of the excessiveness of the sentence until the trial court has ruled upon the motion to reconsider.
99-2579 (La.App. 4 Cir. 1/24/01), 781 So.2d 88, 95. In State v. Boyd, 2000-0274 (La. App. 4 Cir. 7/19/00), 775 So.2d 463, this Court stated, “We cannot consider the assignment of error because the trial court has not ruled on the motion to reconsider sentence. It is not procedurally correct to review a defendant’s sentence for excessiveness under such circumstances.” Boyd, p. 2, 775 So.2d at 465.
Moreover, in State v. Temple, 2000-2183, p. 9 (La.App. 4 Cir. 5/16/01), 789 So.2d 639, 646, and State v. Roberts, 01-0283, pp. 2-3 (La.App. 4 Cir. 1/23/02), 807 So.2d 1072, this Court found that a conviction without a final sentence is a non-appealable judgment.
The Fifth and First Circuits also avoid ruling when there is no ruling on a motion to reconsider sentence. The Fifth Circuit set forth their approach in State v. Wilson, 99-214, pp. 4-5 (La.App. 5 Cir. 6/30/99), 743 So.2d 728, 730:
This Court addressed the same problem in State v. Winfrey, 97-427 (La.App. 5th Cir.10/38/97) (sic), 703 So.2d 63; writ denied, 98-0264 (La.6/19/98), 719 So.2d 481. In that case, the defendant filed a motion to reconsider his one-hundred year enhanced sentence, which, on appeal, defendant claimed was excessive. This Court found that it would be premature to rule on the excessiveness issue while a motion to reconsider sentence was pending, and remanded the case with these instructions:
Rather than rule on the excessiveness issue while a motion for reconsideration is pending which may vacate the present sentence, we remand the case for a ruling on the motion and supplementation of the record with the results. If the motion to reconsider is granted and defendant is re-sentenced, he may appeal the new | ^sentence. If the motion is denied or if it has already been ruled on, defendant must move to re-lodge this appeal within sixty days of the date of the ruling on the motion to reconsider sentence or the date of this opinion, whichever is later.
State v. Winfrey, supra at 81; See also LSA-C.Cr.P. art. 881.4 C; State v. Smith, 96-285 (La.App. 5 Cir. 10/1/96), 683 So.2d 826; State v. Sanders, 618 So.2d 904 (La.App. 1 Cir.1993).
Likewise, the First Circuit in Sanders found that any ruling with regards to defendant’s sentence would be premature and remanded the case because on hearing the motion to reconsider, the trial court could grant the defendant the relief he seeks. 618 So.2d at 905.
The record in this case does not indicate that the trial court has ruled on the defendant’s motion to reconsider sentence. Defendant seeks the same relief on appeal as he urges in his motion to reconsider sentence. Therefore, the case should be remanded for a hearing on defendant’s motion to reconsider sentence. On remand any sentence given by the trial court should consider the intent of the parties and the plea agreement entered into by the Defendant.

CONCLUSION

For the foregoing reasons, John Dorsey’s case is remanded to the district court *350 for a ruling on the Motion for Reconsideration of Sentence, reserving Dorsey’s right to appeal his conviction and sentence once the district court has ruled on the motion.
REMANDED.
MURRAY, J., concurs and assigns reasons.

. For the reasons «indicated below, a recitation of the facts regarding docket number 421-920 is not necessary at this time.

. The defendant has also asked this Court to review the record for any errors patent, however, in accordance with the present case law we will refrain from review until there had been a ruling on a motion to reconsider the sentence by the trial court.