618 So.2d 904 (1993)
STATE of Louisiana
v.
Michael W. SANDERS.
No. 92 KA 1508.
Court of Appeal of Louisiana, First Circuit.
April 23, 1993.
*905 Doug Moreau, Dist. Atty., Office of Dist. Atty., Baton Rouge by Dana Ashford, Asst. Dist. Atty., for plaintiff/appellee.
Tracey Berey, Office of Public Defender, Baton Rouge, for defendant/appellant.
Before CARTER, LEBLANC and PITCHER, JJ.
PER CURIAM.
Michael W. Sanders was charged by bill of information with distribution of cocaine, in violation of La.R.S. 40:967 A(1). He pled guilty as charged. The trial court imposed a sentence of eight years at hard labor. Defendant appealed, alleging in his only assignment of error that the trial court imposed an excessive sentence.
As required by La.C.Cr.P. art. 881.1, defendant filed a motion to reconsider sentence; thus, the sentencing issue was preserved for appellate review. However, the record before this Court does not reflect a ruling on the motion. It is ordinarily incumbent upon the proponent of a motion to move for a hearing date on that motion. See State v. Wagster, 361 So.2d 849, 856 (La.1978). See also State v. Coates, 509 So.2d 438, 440 (La.App. 1st Cir.1987). Although defendant noted in his appellate brief that the motion was pending in district court as of the date the brief was filed, it was his responsibility to obtain a ruling on the motion and to cause the record to be supplemented with it. Any action by this Court on defendant's appeal in its current procedural posture would be premature because, on reconsideration of the sentence, the trial court could grant defendant the relief he seeks.
Therefore, this matter is remanded to the trial court for supplementation of the record with the ruling on defendant's motion to reconsider sentence. If there has been no disposition of the motion, the court should rule on it within thirty days of the date of this opinion. Defendant must move to relodge this appeal within sixty days of the date of the ruling on the motion to reconsider sentence or the date of this opinion, whichever is later.
Moreover, in reviewing this record for patent error, we discovered a patent sentencing error caused by the trial court's failure to give defendant credit for time served. See La.C.Cr.P. art. 880. Although the minute entry of sentencing indicates the court did award credit for defendant's confinement prior to the imposition of sentence, the transcript does not contain such an award. Where there is a conflict between the minutes and the transcript, the transcript prevails. State v. Landry, 583 So.2d 911, 912 n. 2 (La.App. 1st Cir.1991). Accordingly, if the trial court has not ruled on defendant's motion for correction of sentence before rendition of this opinion, the court is ordered to correct the sentence and amend the commitment.
REMANDED.