683 So.2d 826 (1996)
STATE of Louisiana
v.
Brian SMITH.
No. 96-KA-285.
Court of Appeal of Louisiana, Fifth Circuit.
October 1, 1996.
Bruce G. Whittaker, Staff Appellate Counsel, 24th Judicial District, Indigent Defender Board, Gretna, for Appellant Brian Smith.
Jack M. Capella, District Attorney, Harrel Wilson, Assistant District Attorney, Research & Appeals, Parish of Jefferson, Gretna, for Appellee State.
Before GOTHARD, CANNELLA and DALEY, JJ.
CANNELLA, Judge.
Defendant, Brian M. Smith, appeals from his sentence as a result of his habitual offender conviction. On January 23, 1995 defendant pled guilty to distribution of cocaine, *827 a violation of La.R.S. 40:967A, and was sentenced to five years at hard labor, with credit for time served. Subsequently, the state filed a habitual offender bill of information, alleging defendant to be a second felony offender. Following a waiver of his rights, defendant pled guilty to the habitual offender bill and the trial judge sentenced him to fifteen years at hard labor, with credit for time served. After sentencing, defendant filed a "Consolidated Motion To Reconsider Lesser Sentence and Motion to Appeal Excessive Sentence." The trial court granted the motion for appeal. However, there is no ruling in the record on the Consolidated Motion To Reconsider Lesser Sentence.
In State v. Sanders, 618 So.2d 904 (La. App. 1st Cir.1993), the court addressed the same problem. There, the court remanded the case for supplementation of the record or a ruling on the motion within 30 days of the appellate opinion. The court also ordered defendant to re-lodge his appeal within 60 days of the date of the ruling on the motion to reconsider sentence or the date of this opinion, whichever was later. La.C.Cr.P. 881.4 C. provides:
"If necessary to an appropriate disposition of a motion to reconsider sentence, the appellate court may remand the case to the trial court with instructions to supplement the record or to hold an evidentiary hearing."
Therefore, under La.C.Cr.P. art. 881.4, we will remand the case for a ruling on the motion, with instructions. See: State v. Sanders, 618 So.2d at 905.
Accordingly, the case is remanded to the trial court for supplementation of the record with the ruling on defendant's Motion to Reconsider Lesser Sentence. If there has been no disposition of the motion to date, the trial court is ordered to rule on the motion within 30 days of this appellate opinion. Defendant is ordered to re-lodge his appeal within 60 days of the date of the ruling on the motion to reconsider lesser sentence or the date of this opinion, whichever is later.
CASE REMANDED.