| .EDWARDS, Judge.
Defendant Kerry Jackson appeals his sentence following a plea of guilty to vehicular homicide, a violation of La. R.S. 14:32.1(A)(1).
Following his arraignment in April of 1998, defendant pled not guilty. After several continuances the defendant withdrew his plea of not guilty and, after being advised of his rights in accordance with La.Code. Cr.P. art. 556.1, the defendant pled guilty as charged. On October 9, 1998, the defendant withdrew his guilty plea and expressed the desire to go forward with the trial. However, on October 19, 1998, the defendant reconsidered and went forward with his plea of guilty. On that date the trial court sentenced the defendant to 12 years at hard labor, with the first year to be served without benefit of probation, parole, or suspension of sentence. At that time, defendant made an oral motion to reconsider sentence, which was followed by a written motion to reconsider sentence and a motion for appeal.
13As the defendant’s conviction resulted from a guilty plea, the facts in the instant case were not developed at trial. The facts are not necessary for a disposition of this appeal.
On appeal, defendant avers that the trial court erred in failing to rule on his *690 motion to reconsider sentence, and that remand is necessary.
As part of the guilty plea colloquy, the trial court ordered a pre-sentence investigation report and stated that there would be a cap of twelve years on defendant’s sentence. Subsequently, at the sentencing proceedings, counsel for defendant orally moved the court for a reconsideration of sentence and requested time to put the motion in writing. Motions to withdraw as counsel of record, for a declaration of indi-gency, for reconsideration of sentence, for appeal and appeal bond were later filed and set for hearing for December 1.
The transcript for that hearing indicates that counsel for defendant had filed a motion to continue. The court denied defendant’s motion for appeal bond and upon denying the continuance, stated: “We’ll just dismiss your motions, okay?” As the hearing proceeded, the court granted the motion to appeal, the motion to withdraw, and the declaration of indigency. The minutes, however, show that the motion to reconsider sentence was denied.
Generally, when there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983); State v. Williams, 97-677 (La.App. 5th Cir. 2/11/98), 708 So.2d 1123. The transcript evidences that the motion to reconsider was not acted upon by the trial court.
La.Code.Cr.P. 881.4 C. provides:
U“If necessary to an appropriate disposition of a motion to reconsider sentence, the appellate court may remand the case to the trial court with instructions to supplement the record or to hold an evidentiary hearing.”
The problem in the present ease was addressed by the First Circuit in State v. Sanders, 618 So.2d 904 (La.App. 1st Cir.1993) and by this court in State v. Smith, 96-285 (La.App. 5th Cir. 10/1/96), 683 So.2d 826. In both opinions, the panels remanded the cases for supplementation of the record or for a ruling on the motion within 30 days of the appellate opinion. The courts also ordered defendants to re-lodge their appeals within 60 days of the date of the ruling on the motion to reconsider sentence or the date of the opinion, whichever was later.
Therefore, under La.Code Cr.P. art. 881.4, we will remand the case for a ruling on the motion, with instructions. See: State v. Sanders, 618 So.2d at 905; State v. Smith, 683 So.2d at 827.
Accordingly, the case is remanded to the trial court for supplementation of the record with the ruling on defendant’s Motion to Reconsider Sentence. If there has been no disposition of the motion to date, the trial court is ordered to rule on the motion within 30 days of this appellate opinion. Defendant is ordered to re-lodge his appeal within 60 days of the date of the ruling on the motion to reconsider lesser sentence or the date of this opinion, whichever is later.
REMANDED.