811 So.2d 984 (2002)
STATE of Louisiana
v.
Brad HARRIS.
No. 01-KA-1243.
Court of Appeal of Louisiana, Fifth Circuit.
February 26, 2002.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Alison Wallis, Assistant District Attorneys, Gretna, LA, Counsel for State.
Kevin V. Boshea, New Orleans, LA, Counsel for defendant-appellant.
Court composed of Judges SOL GOTHARD, THOMAS F. DALEY, and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
In this matter, we must remand the case to the trial court for the ruling on Harris's Motion to Reconsider Sentence.
The instant matter is Harris's second appeal from a 1999 conviction for attempted aggravated rape. LSA-R.S. 14:27:42. In the earlier matter, a panel of this Court affirmed the underlying conviction, but vacated a finding that Harris was a fourth felony offender and the sentence imposed based on this finding.[1]State v. Harris, *985 99-1288 (La.App. 5 Cir. 1/24/01), 782 So.2d 1055. Because multiple offender proceedings do not implicate double jeopardy concerns, the matter was remanded to allow the State to re-try the multiple offender bill of information. The matter comes to us now on an appeal from these proceedings.
At proceedings held on September 5, 2001, the State withdrew the multiple offender bill of information against Defendant, and during these same proceedings Defendant was sentenced to a term of fifty years without benefit of parole, probation, or suspension of sentence (the same sentence which had been imposed prior to the multiple offender proceedings).
Defendant subsequently filed a Motion to Reconsider Sentence, which, according to the record before us, has not yet been ruled on.
Defendant filed a timely motion for appeal, and now appeals his sentence as excessive.[2] We cannot consider the merits of Defendant's assignment of error, however, until the record has been supplemented with a ruling on his Motion to Reconsider Sentence.
LSA-C.Cr.P. art. 881.4 holds that if it is "necessary to an appropriate disposition of a motion to reconsider sentence, the appellate court may remand the case to the trial court with instructions to supplement the record or to hold an evidentiary hearing." It is so necessary here. We are unable to rule on the question of whether Defendant's sentence is excessive until we have notice of whether the fifty-year sentence has been modified.
Therefore, pursuant to the procedure established in such instances, this case is remanded to the trial court for ruling on Defendant's Motion to Reconsider Sentence. If there has been no disposition of the motion to date, the trial court is ordered to rule on the motion within 30 days of this appellate opinion. Defendant is ordered to re-lodge his appeal within 60 days of the date on the ruling on his motion, or the date of this opinion, whichever is later. State v. Simmons, 00-1037 (La.App. 5 Cir. 2/28/01), 781 So.2d 821; State v. Smith, 96-285 (La.App. 5 Cir. 10/1/96), 683 So.2d 826.
CASE REMANDED.
NOTES
[1] The multiple offender conviction was vacated based on the finding that there was insufficient proof that one of the predicate guilty pleas had been entered knowingly and voluntarily.
[2] Defendant also asserts that it was error for the trial judge to have denied the motion to reconsider. However, the record contains no such ruling.