836 So.2d 648 (2002)
STATE of Louisiana
v.
Alexander HYMES, Jr.
No. 02-KA-836.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 2002.
Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Andrea Long, Assistant District Attorneys, Gretna, LA, for State.
Bruce G. Whittaker, New Orleans, LA, for defendant-appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
On August 30, 2000, defendant, Alexander Hymes, Jr., was charged by bill of information with two counts of attempted first degree robbery and seven counts of first degree robbery while armed with a dangerous weapon. LSA-R.S.14:64.1. The defendant was arraigned on August 31, 2000 and entered a not guilty plea to all charges. On September 12, 2000, defendant filed Motions to Suppress the Confession, Identification and Physical Evidence. The Motions to Suppress Statements and Evidence were heard and denied on December 11, 2000. The hearing on the Motion to Suppress Identification was begun on February 1, 2001 and continued on April 4, 2001. Following the hearing on April 4, 2001, the motion was denied.
Trial on this case began on May 22, 2001 and ended May 24, 2001. The twelve-person jury found the defendant guilty of attempted simple robbery on count one; of attempted first degree robbery on count two; guilty of first degree robbery on counts three through six and eight through nine. On count seven, defendant was found guilty of simple robbery. The jury was polled and the verdicts were declared legal and ordered recorded.
On May 30, 2001, defendant filed a Motion for New Trial. A hearing was held and the motion was denied on May 31, 2001. On May 31, 2001, the trial judge sentenced the defendant to three years at hard labor on Count 1, ten years at hard labor on Count 2, twenty years at hard labor on Counts 3 through 6 and Counts 8 and 9, and five years on Count 7. The trial judge also ordered that defendant receive credit for time served. Each count was *649 ordered to run consecutively, for a total imprisonment term of 138 years at hard labor. The defendant objected to the sentences as being excessive.
On May 31, 2001, the State also filed a multiple bill wherein it was alleged that defendant was a fourth felony offender. LSA-R.S. 15:529.1. Defendant denied the allegations of the multiple bill.
On June 20, 2001, defendant filed a timely Motion to Reconsider Sentence. The motion was originally set for hearing on June 25, 2001. On the date set for hearing, the matter was continued to July 19, 2001. The hearing was continued a second time until September 20, 2001.
On September 20, 2001, the date set for the hearing on the Motion to Reconsider Sentence, no mention was made of that motion; rather, on that date, the State notified the Court that it had decided to nolle prosque the multiple bill. Thereafter, defendant orally moved for an appeal. A written appeal motion was filed by defendant September 20, 2001 and granted by the trial judge on September 24, 2001. However, the appeal did not divest the trial court of its jurisdiction to consider the Motion to Reconsider Sentence. LSA-C.Cr.P. art. 916(3).
In this appeal, defendant solely seeks a review of his sentence for excessiveness and a review for errors patent on the face of the record. An error patent review reveals that this case is not properly before the Court and, therefore, we need not reach the substantive issue raised.
The record fails to indicate a disposition on the defendant's Motion for Reconsideration of Sentence. Relying upon LSA-C.Cr.P. art. 881.4, this Court, has previously held that, in such situations where the record before the Court reflects no ruling, a remand is warranted. State v. Harris, 01-1243, pp. 3-4 (La.App. 5 Cir. 2/26/02), 811 So.2d 984, 985; State v. Smith, 96-285, p. 3 (La.App. 5 Cir. 10/1/96), 683 So.2d 826, 827. Therefore, we remand this matter to the trial court for supplementation of the record with the ruling on defendant's Motion to Reconsider; and, if there has been no disposition of the motion to date, we order the trial court to rule on the motion within 30 days of this appellate opinion. We further ordered defendant to re-lodge his appeal within 60 days of the date of the ruling on the Motion to Reconsider or the date of its opinion, whichever is later.
REMAND WITH INSTRUCTIONS.