841 So.2d 1005 (2003)
STATE of Louisiana
v.
Brad HARRIS.
No. 02-KA-1048.
Court of Appeal of Louisiana, Fifth Circuit.
February 25, 2003.
*1006 Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Assistant District Attorney, Gretna, LA, for Plaintiff/Appellee.
Kevin V. Boshea, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD, and SUSAN M. CHEHARDY.
SOL GOTHARD, Judge.
In this appeal defendant, Brad Harris, appeals his sentence on a conviction of attempted aggravated rape. This criminal matter has been before this Court on two prior occasions. After the conviction, defendant was sentenced to serve fifty years at hard labor. Subsequently, the State filed a bill of information alleging that defendant was a repeat felony offender. At the conclusion of the habitual offender hearing, the trial court adjudicated defendant a fourth felony offender. The court vacated the original sentence and re-sentenced defendant to life in prison at hard labor. Defendant appealed his conviction *1007 and sentence to this Court. State v. Harris, 99-1288 (La.App. 5 Cir. 1/24/01), 782 So.2d 1055, writ denied, 01-0485 (La.1/25/02), 806 So.2d 668. In that appeal this Court affirmed defendant's conviction on the underlying charge, but vacated the habitual offender adjudication and sentence, and remanded the matter for further proceedings. On remand the State withdrew the habitual offender bill, and moved for the court to re-sentence defendant. The trial court sentenced defendant to fifty years without benefit of parole, probation or suspension of sentence. Defendant filed a Motion to Reconsider Sentence. The matter was again appealed to this Court; however, because the trial court failed to rule on the defendant's motion to reconsider sentence, we remanded the case with instructions to the trial court to rule on the outstanding motion. This Court also ordered the defendant to relodge his appeal within sixty days of the date of the ruling on the Motion to Reconsider Sentence, or the date of the opinion, whichever came later. State v. Harris, 01-1243 (La.App. 5 Cir. 2/26/02), 811 So.2d 984. On second remand the trial court denied the motion to reconsider sentence and determined that defendant's fifty-year sentence would stand. Defendant now appeals that ruling.
In brief to this Court, defendant asserts the trial court erred in denying his Motion to Reconsider Sentence and in imposing the maximum sentence of fifty years.[1]
The Eighth Amendment to the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739, 751 (1992); State v. Munoz, 575 So.2d 848, 851 (La.App. 5 Cir.1991), writ denied, 577 So.2d 1009 (La. 1991). Maximum sentences are reserved for the worst offenders. State v. Lefeure, 00-1142 (La. App. 5 Cir. 1/20/01), 778 So.2d 744, 755, writ denied, 01-1440 (La.9/21/01), 797 So.2d 669. The trial judge is given wide discretion in determining a sentence, and if the record supports the sentence imposed, the court of appeal will not set it aside on grounds of excessiveness. LSA-C.Cr.P. art. 881.4D; State v. Richmond, 98-1051 (La.App. 5 Cir. 3/10/99), 734 So.2d 33, 38.
Factors an appellate court may consider in reviewing the sentencing judge's discretion are: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Ulmer, 99-1079 (La.App. 5 Cir. 1/25/00), 751 So.2d 1017, 1019. A sentencing judge may consider a defendant's prior convictions, as well as past criminal behavior that did not result in a conviction. State v. Anderson, 02-273 (La. App. 5 Cir. 7/30/02), 824 So.2d 517, 522.
Defendant's primary argument on appeal is that he is not the worst type of offender, for whom maximum sentences are reserved. He points out that was a dissent from this Court's original opinion, which questioned the sufficiency of the evidence used to convict defendant of attempted aggravated rape. State v. Harris, 782 So.2d at 1062. However, defendant's conviction for attempted aggravated rape was affirmed by this Court. Moreover, *1008 in his dissent, Judge Daley commented that, "Defendant committed a violent crime against the victim, and he should be prosecuted and incarcerated."
Id. at 1063.
At defendant's original sentencing hearing, defense counsel asked the court to take into consideration that defendant's criminal conduct was induced by his chronic and long-term drug abuse. The record shows the trial judge did not view defendant's drug habit as a mitigating factor in sentencing. In imposing sentence, the judge stated:
Mr. Harris, I am imposing the sentence I am imposing because your criminal record is extreme.
Because, you are now a middle aged man and you have been given every opportunity throughYou have had the course of your life to attempt to become drug free. I think that it may very well be likely that drugs induced your behavior. The problem is, Mr. Harris, your drug induced behavior visits itself upon innocent people who are simply trying to live their lives.
Therefore, I have imposed the maximum sentence in this case. And I will impose the maximum sentence in a multiple bill situation.
The judge did not give reasons when she re-sentenced defendant to fifty years on September 5, 2001. However, upon her recent denial of defendant's Motion to Reconsider Sentence, the trial judge stated:
The Court was very comfortable in its decision, and indeed did take into consideration during its deliberation in that case whether or not this was an attempted robbery rather than an attempted rape, and was very comfortable with its decision that the State had proven beyond a reasonable doubt that it was an attempted rape.
The Court in the throws of sentencing certainly took into consideration Mr. Harris's entire criminal history, which was indeed excessive and escalating toward more and more violence, and while this Court is frequently engaged in the effort toward rehabilitative sentencing, wherein the Court sends individuals off to the job programs, Job Corp, Teen Challenge, and Drug Court and things like that, Mr. Harris is one of those individuals who needs to be locked up for as many years as we can possibly lock him up, because Mr. Harris is a violent, violent man who knows nothing of the normal social morays [sic] of our society.
Although this Court, finding error, vacated the trial court's habitual offender finding, the prior felony convictions alleged by the State demonstrate a long and violent criminal history. In one case cited in the habitual offender bill, the State alleged defendant was charged with twenty-four counts of armed robbery in Orleans Parish, and pled guilty to fifteen of those counts in 1986. The habitual offender bill further alleged that defendant pled guilty to simple robbery in 1983, and to illegal possession of stolen things in 1980.
Based on the foregoing, the trial court did not abuse its discretion in imposing a fifty-year sentence. Thus, we find the trial court properly denied defendant's Motion to Reconsider Sentence.
We have reviewed the record for errors patent pursuant to LSA-C.Cr.P. art. 920. See also, State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). We have found the following error.
When defendant was originally sentenced in 1998, the trial court advised him that he had three years to file post conviction relief. When the defendant was resentenced, the trial court made no further *1009 mention of the prescriptive period for applying for post conviction relief. Under the current version of LSA-C.Cr.P. art. 930.8, a defendant has two years from the date "the judgment and conviction become final" within which to file a post conviction relief application. Paragraph C of the article requires the trial court, at the time of sentencing, to inform the defendant of the prescriptive period. The trial court's instruction was incomplete, and included a prescriptive period that has since been revised. Accordingly, it is ordered that the trial court properly inform defendant of the article's current provisions in writing, and to place proof of said notification in the trial court record. State v. Stelly, 98-578 (La.App. 5 Cir. 12/16/98), 725 So.2d 562, 564.
AFFIRMED AND REMANDED WITH ORDER.
NOTES
[1] Defendant failed to delineate specific grounds for his motion as required by LSA C.Cr.P. art. 881.1A(2). A defendant's failure to satisfy the provisions of Article 881.1 normally precludes review of a sentence on appeal. However, this court has routinely reviewed sentences for constitutional excessiveness. State v. Anderson, 01-789 (La. App. 5 Cir. 1/15/02), 807 So.2d 956.