841 So.2d 997 (2003)
STATE of Louisiana
v.
Raymond BROOKS, Jr. (Sentenced as "Raymond J. Brooks").
No. 02-KA-1051.
Court of Appeal of Louisiana, Fifth Circuit.
February 25, 2003.
*998 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Alison Wallis, Assistant District Attorneys, Parish of Jefferson, State of Louisiana, Gretna, LA, for Plaintiff/Appellant.
Margaret S. Sollars, Louisiana Appellate Project, Thibodaux, LA, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD, and SUSAN M. CHEHARDY.
SOL GOTHARD, Judge.
This is defendant's second appeal in this Court. On January 29, 2002, this Court affirmed defendant's conviction for possession of cocaine, but vacated his enhanced life sentence as a third felony offender and remanded for a rehearing of the multiple offender proceeding. State v. Brooks, 01-864 (La.App. 5 Cir. 1/29/02), 807 So.2d 1090.
On July 27, 2002, the State commenced a new multiple offender proceeding based on the multiple offender bill of information that alleged defendant to be a fourth felony offender as follows: (1) armed robbery (LSA-R.S.14:64(A)) in 1977; (2) illegal carrying of a weapon by a felon (LSA-R.S.14:95.1) in 1986; and (3) simple robbery (LSA-R.S.14:65) in 1994. Thereafter, the State withdrew the armed robbery charge. At the hearing, the defense argued that the State was precluded from using the firearm charge as a predicate because to do so would subject defendant to double enhancement. The trial judge agreed, found defendant to be second felony offender and imposed an enhanced sentence of seven (7) years of imprisonment at hard labor without benefit of probation or suspension of sentence. The State now appeals.
In this appeal, the State contends that the trial judge should have found defendant to be a third felony offender rather than a second felony offender. The State argues that the trial judge erroneously concluded that a conviction for illegal carrying of a weapon by a felon could not be used to enhance a subsequent conviction. The defendant responds that the trial judge properly discounted the firearm predicate because to do otherwise would result in double enhancement.
According to the multiple offender bill of information in this case, the State alleged defendant to be a fourth felony offender based on three predicate convictions: (1) armed robbery (LSA-R.S.14:64(A)) in 1977; (2) illegal carrying of a weapon by a felon (LSA-R.S.14:95.1) in 1986; and (3) simple robbery (LSA-R.S.14:65) in 1994. The defendant committed the underlying offense of possession of cocaine on March *999 17, 1999 and was convicted on November 16, 1999.
This Court has held that when a felon in possession of a firearm conviction is used to enhance the sentence of a subsequent conviction, the underlying felony used as an element of the firearm conviction may not be used in the multiple bill, since this constitutes double enhancement. See, State v. Bailey, 97-493 (La.App. 5 Cir. 11/12/97), 703 So.2d 1325, 1331.
The bill of information in defendant's firearm conviction, admitted as evidence in the multiple bill hearings, indicates that the armed robbery was used as the underlying felony to support the firearm charge. Thus, both the armed robbery and the firearm convictions could not be used to enhance defendant's sentence for the instant offense. The issue in this appeal is whether the State could use the firearm conviction, once it withdrew the armed robbery conviction from the court's consideration. We find that such a conviction may be used.
A predicate conviction of possession of firearm conviction by a felon may enhance the penalty for a subsequent conviction so long as the underlying felony used as element of the firearm conviction is not also included in the multiple bill. In State v. Fletcher, 01-809 (La.App. 5 Cir. 2/26/02), 811 So.2d 1010, this court held that the defendant's prior convictions for simple burglary and possession of a firearm by a felon could not both be used to enhance the defendant's sentence for second degree battery conviction, because the simple burglary conviction was used as the underlying felony in the firearm charge. But the Fletcher court recognized that the firearm charge alone could be used as a predicate conviction for enhancement. Id. at 1014. See also, State v. Moten, 619 So.2d 683, 685 (La.App. 4 Cir. 1993), in which the court held that the defendant's prior conviction for attempted possession of a firearm by felon could be used to enhance the defendant's cocaine possession conviction, since the trial court did not rely upon the felony underlying the firearm conviction to find the defendant a multiple offender.
Since the State withdrew the armed robbery conviction from the trial judge's consideration, the illegal carrying of a weapon by a felon could have been used as a predicate to enhance the defendant's instant conviction for possession of cocaine.
At the multiple offender hearing, the State introduced evidence of the defendant's prior convictions for simple robbery and the illegal carrying of a weapon by a felon predicate offenses. Sergeant Virgil McKenzie, a fingerprints expert, linked the fingerprints of those convictions to the ones taken of defendant in court that day. With the firearm predicate combined with the simple robbery predicate, defendant would have been subject to a life sentence as a third felony offender, since simple robbery is defined as a crime of violence and illegal carrying of a weapon is punishable by imprisonment for more than twelve years. See, LSA-R.S. 15:529.1(A)(1)(b)(ii) (West, 2001); LSA-R.S. 15:95.1(B); LSA-R.S. 14:2(13)(y).
In State v. Coston, 800 So.2d at 914, the court vacated the defendant's multiple offender sentences because the trial judge erroneously concluded the defendant was a second felony offender when the State presented sufficient evidence to find the defendant to be a third felony offender. See also, State v. Dean, 588 So.2d 708, 709 (La.App. 4 Cir.1991), writ denied, 595 So.2d 652 (La.1992).
Double jeopardy principles do not apply to sentence enhancement proceedings. State v. Walker, 01-51 (La.App. 5 Cir. 5/30/01), 789 So.2d 86, 91, writ denied, *1000 01-1922 (La.5/10/02), 815 So.2d 834. Accordingly, we vacate the trial judge's finding of the defendant to be a second felony offender and the enhanced sentence and remand for further proceedings consistent with the panel's opinion.
MULTIPLE OFFENDER FINDING AND SENTENCE VACATED; CASE REMANDED.