I,SUSAN M. CHEHARDY, Judge.
After reviewing the record, we find that we must remand this matter to the trial court for the ruling on defendant’s Motion to Reconsider Sentence. This is the third appeal of defendant’s multiple offender adjudication before this Court.
On January 29, 2002, this Court affirmed defendant’s conviction for possession of cocaine, but vacated his life sentence as a third felony offender and remanded for rehearing of the multiple offender proceeding. Specifically, this Court concluded that the State failed to prove the date of discharge of defendant’s 1977 armed robbery conviction, which precluded the State from using that conviction as a predicate to enhance defendant’s penalty as a third felony offender. State v. Brooks, 01-864 (La.App. 5 Cir. 1/29/02), 807 So.2d 1090, 1101-1102.
On remand, the trial court held a multiple offender proceeding in which the State alleged that defendant was fourth felony offender based on the following predicate convictions: (1) 1977 conviction for armed robbery; (2) 1986 conviction for illegal carrying of a weapon by a felon; and (3) 1994 conviction for simple robbery. The State submitted evidence of the defendant’s convictions for illegal carrying of a weapon by a felon and simple robbery. The defense argued that the State was precluded from using the firearm charge as a predicate because it 13subjected defendant to double enhancement. The trial judge found defendant to be a second felony offender and imposed an enhanced sentence of seven years imprisonment at hard labor without benefit of probation or suspension of sentence.
The State appealed the trial court’s finding. This Court vacated the multiple offender adjudication and enhanced sentence and remanded for further proceedings. State v. Brooks, 02-1051 (La.App. 5 Cir. 2/25/03), 841 So.2d 997, writ denied, 03-664 (La.6/27/03), 847 So.2d 1271. Thereafter, the State filed a motion to resentence defendant on the multiple bill. On August 7, 2003, the trial judge found that defendant was a third felony offender and imposed a sentence of life imprisonment without benefit of probation or suspension of sentence. On August 11, 2003, defendant filed a motion for appeal, which was granted on August 15, 2003.
*817 On August 13, 2003, defendant filed a timely pro se motion for reconsideration of sentence. The motion asserts that defendant’s sentence was excessive because the court had previously imposed a seven-year sentence and urged the court to depart from the “guidelines” to impose a lesser sentence. The record contains a typed but unsigned order which reads, in part, that defendant’s motion to reconsider sentence was denied as moot because an appeal was pending.[1]
La.C.Cr.P. art. 881.4 provides that if it is “necessary to an appropriate disposition of a motion to reconsider sentence, the appellate court may remand the case to the trial court with instructions to supplement the record or to hold an evidentiary hearing.” This Court, relying on La.C.Cr.P. art. 881.4, has held that remand is warranted where the appellate record does not reflect a ruling on a timely motion to reconsider sentence. State v. Hymes, 02-836 (La.App. 5 Cir. 12/30/02), 836 So.2d 648, 649; State v. Harris, 01-1243 (La.App. 5 Cir. 2/26/02), 811 So.2d 984, 985; State v. Smith, 96-285 (La.App. 5 Cir. 10/1/96), 683 So.2d 826, 827.
We remand this matter, therefore, to the trial court for supplementation of the record with a ruling on defendant’s motion to reconsider sentence. If there has been no disposition of the motion to date, the trial court is ordered to rule on the motion within 30 days of this appellate opinion. Defendant is ordered to re-lodge his appeal within 60 days of the date on the ruling on his motion, or the date of this opinion, whichever is later.

REMANDED WITH INSTRUCTIONS.

. We note that, even after an order of appeal has been entered, the trial court is not divested of jurisdiction to “take appropriate action pursuant to a properly made or filed motion to reconsider sentence.” La.C.Cr.P. art. 916(3).