904 So.2d 855 (2005)
STATE of Louisiana
v.
Dwight ALEXANDER.
No. 04-KA-1209.
Court of Appeal of Louisiana, Fifth Circuit.
May 31, 2005.
*857 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Andrea F. Long, Assistant District Attorneys, Parish of Jefferson, Gretna, Louisiana, for Plaintiff/Appellee.
Margaret S. Sollars, Attorney at Law, Louisiana Appellate Project, Thibodaux, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA, and WALTER J. ROTHSCHILD.
JAMES L. CANNELLA, Judge.
The Defendant, Dwight Alexander, appeals from his conviction for possession of Diazepam (Valium), his finding as a second felony offender and his enhanced sentence. We affirm and remand.
The Defendant was initially charged with one count of distribution of heroin, La. R.S. 40:966(A), one count of possession of heroin, R.S. 40:966(C), and one count of possession of Diazepam (Valium), La. R.S. 40:969(C). He was tried by a jury on March 27 and 28, 2003, and found not guilty of the heroin charges and guilty of possession of Diazepam.
The Defendant was sentenced on April 7, 2003 to 5 years imprisonment at hard labor. On the same day, the State filed a habitual offender bill of information charging the Defendant as a second felony offender. The Defendant pled not guilty. Thereafter, Defendant filed a motion for appeal.
The hearing on the habitual offender charge was held on July 23, 2003. The trial judge found the Defendant to be a second felony offender, vacated the original sentence, and re-sentenced the Defendant to the enhanced sentence of ten years imprisonment at hard labor. Defendant filed a motion to reconsider sentence, which was denied, and a motion for appeal, which was granted.
On May, 17, 2002, Sergeant John Ladd and Agent Curtis Matthews, members of the Narcotics Division of the Jefferson Parish Sheriff's Office (JPSO), were conducting *858 surveillance on the Defendant based on information received from a confidential informant, Earnest M. Guillot.[1] The officers were observing the Defendant's residence at 124 Fredericks, Apartment A, in Terrytown from separate vehicles when they saw him leave the apartment and enter his vehicle. The officers followed him to a nearby grocery, where he went into the grocery for a couple of minutes before driving back home. Forty-five minutes to an hour later, they saw the Defendant again leave his residence. The officers again followed him to the same grocery. This time, he did not enter, but went to the driver's side door of a blue Saturn automobile and leaned into the window for ten to fifteen seconds. As he walked away, he stuffed money into his pocket. Both the Defendant and the Saturn then drove away. Agent Matthews followed the Defendant back to his apartment. Sergeant Ladd followed the Saturn and stopped it based on his conclusion that the transaction at the grocery was a narcotics sale. After watching the Defendant enter his apartment, Agent Matthew drove to Sergeant Ladd to assist him. The officers arrested Lori Blades (Blades), the driver of the Saturn, for possession of heroin and Oxycontin. Valium pills were also found in the vehicle. After her arrest, Blades stated that she had previously bought heroin from the Defendant on three different occasions.[2]
A search warrant of the Defendant's residence was applied for and executed that same night at 11:15 p.m. Sergeant Ladd, Agent Matthews, and Agent Frank J. Horn, a narcotics detective with the JPSO, participated in executing the warrant. After knocking on the door several times and announcing their presence, the officers entered the Defendant's residence by force. No one was in the residence at the time. Agent Horn searched the closet in the master bedroom, which contained both women's and men's clothing, and discovered in a shirt pocket, a driver's license in the Defendant's name that was due to expire at midnight,[3] numerous portions of cut baggies, a small plastic bag with a powder substance, and a small aluminum foil with a powder substance. A small digital scale and a roll of aluminum foil were discovered in the closet. Agent Horn testified that this type of digital scale is used by drug dealers to weigh narcotics for distribution purposes. In the apartment, the officers also found the Defendant's employment identification and paperwork, a pistol, a .38 revolver, and a bottle of Superior Mannitol, a substance commonly used to stretch different types of powdered drugs. In addition, a foil containing five blue Valium pills was found, marked with the same numbers as the Valium pills recovered from Blades.
Andrea Travis, an expert in the field of identification and analysis of controlled dangerous substances, tested the drugs taken from Blades and the Defendant's apartment.[4] She identified the blue pills *859 found in the Defendant's apartment as Valium. No controlled substances could be identified in the bag and piece of foil containing white powder. However, she testified that it was possible that a field test performed on suspected material could yield positive results, but might extinguish the residue so that it would test negative later at the lab. She also identified pills found in Blades car as Valium. The numbers on the pills matched the numbers on the pills found in the apartment.[5]
The Defendant testified that he was living at 124 Fredericks on May 17, 2002 with his wife. He said that he did not know Blades and denied any knowledge of Valium in his residence. The Defendant's wife, Latrice Alexander, testified that she purchased the digital scale to measure meat. She did not know how the Mannitol, Valium, and white powder got into her residence.
On appeal, the Defendant contends that he received ineffective assistance of counsel and that his sentence is excessive.

INEFFECTIVE ASSISTANCE OF COUNSEL
The Defendant argues that his right to a fair trial was clearly affected when his counsel failed to file notice of his alibi defense that he was out of town at the time of the alleged crime. The Defendant contends that there is enough evidence in the record to address this issue on direct appeal.
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974. In assessing a claim of ineffective assistance of counsel, a two-pronged test is employed. The Defendant must show that (1) his attorney's performance was deficient, and (2) the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); State v. LaCaze, 99-0584, p. 20 (La.1/25/02), 824 So.2d 1063, 1078, cert. denied, 537 U.S. 865, 123 S.Ct. 263, 154 L.Ed.2d 110 (2002). In order to show prejudice, the defendant must show that, but for his counsel's unprofessional conduct, the outcome of the trial would have been different. Strickland v. Washington, 466 U.S. at 693, 104 S.Ct. at 2068.
The Sixth Amendment does not guarantee `errorless counsel [or] counsel judged ineffective by hindsight,' but counsel reasonably likely to render effective assistance. LaCaze, 99-0584 at 20, 824 So.2d at 1078. Claims of ineffective assistance are to be assessed on the facts of the particular case as seen from counsel's perspective at the time. LaCaze, 99-0584 at 20, 824 So.2d at 1078-1079. Consequently, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id.
A claim for ineffective assistance of counsel is most appropriately addressed through an application for post-conviction relief filed in the trial court, where a full evidentiary hearing can be conducted, rather than on direct appeal. State v. Washington, 03-1135, p. 15 (La.App. 5th Cir.1/27/04), 866 So.2d 973, 983. But, when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by assignment *860 of error on appeal, it may be addressed in the interest of judicial economy. State v. Deruise, 98-0541, p. 34 (La.4/3/01), 802 So.2d 1224, 1247, cert. denied, 534 U.S. 926, 122 S.Ct. 283, 151 L.Ed.2d 208 (2001).
Based on the record, we find that we can address this issue on appeal.
La.C.Cr.P. art. 727 sets out the procedure for raising an alibi defense. C.Cr.P. art. 727 A requires the defendant to serve notice on the district attorney, as follows:
Upon written demand of the district attorney stating the time, date, and place at which the alleged offense was committed, the defendant shall serve within ten days, or at such different time as the court may direct, upon the district attorney a written notice of his intention to offer a defense of alibi. Such notice by the defendant shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom he intends to rely to establish such alibi.
If the defendant fails to comply with this requirement, the trial judge may exclude the testimony of any undisclosed witness offered as to the defendant's absence from the scene of the alleged offense. C.Cr.P. art. 727 D. The article does not limit a defendant's right to testify on his own behalf. Id. An exception to the notice rule may be granted by the trial court for good cause shown. C.Cr.P. art. 727 E.
The attorney representing the Defendant on October 28, 2002 orally stated that the Defendant intended to file a written motion raising the alibi defense. On October 31, 2002, the State filed a written discovery motion requesting the Defendant to provide written notice of his intention to offer an alibi defense for the offense that occurred at approximately 9:10 p.m. on May 17, 2002 at 200 Wright Avenue in Terrytown, Louisiana. The Defendant failed to comply. At trial, defense counsel asked a witness if he was aware that the Defendant was not in Louisiana that weekend. The State objected on the basis that the Defendant had failed to comply with C.Cr.P. art. 727 A. The trial judge maintained the objection and excluded evidence of an alibi.[6]
Defense counsel's failure to comply with C.Cr.P. art. 727 was not ineffective assistance of counsel in this case. The Defendant was found guilty only of the charge of possession of Valium arising from the seizure of the pills in his residence when he was not in residence. Since the police officers testified that the Defendant was not present at the time the search warrant was executed, an alibi defense would have been cumulative to their testimony.
The Defendant also contends that he was prejudiced because he was misidentified as the individual that approached Blades' Saturn at the grocery store. However, the Defendant was not convicted of any conduct related to that transaction. Furthermore, he was unequivocally identified by the narcotics agents, both of whom observed him continuously that evening and knew him from their two month surveillance. In addition, the Valium recovered from Blades matched the identification number on the Valium seized from the Defendant's residence. Thus, since the Defendant has failed to show any prejudice from the ruling, defense counsel's assistance *861 was not constitutionally ineffective for failing to comply with C.Cr.P. art. 727 A.

EXCESSIVE SENTENCE
The Defendant argues that he received an unconstitutionally excessive sentence. He contends that the maximum sentence was not warranted since he was not the worst of offenders for the worst kind of a crime.
On July 23, 2003, the Defendant filed a Motion to Reconsider Sentence, contending that his sentence was excessive, but did not state specific grounds for his objection. He argued that the sentence is unconstitutionally excessive.
La.C.Cr.P. art. 881.1 requires a motion for reconsideration of sentence be made orally at the time of sentencing, or in writing, and that it set forth specific grounds on which the motion is based. The failure to state the specific grounds on which the motion is based precludes the Defendant from raising issues relating to statutory errors or deficiencies in sentencing on appeal. However, the failure to comply with La.C.Cr.P. art. 881.1 does not preclude a review of the Defendant's sentence for constitutional excessiveness. State v. Dupre, 03-256, p. 7 (La.App. 5th Cir.5/28/03), 848 So.2d 149, 153, writ denied, 03-1978 (La.5/14/04), 872 So.2d 509; See also, La.C.Cr.P. art. 881.1(E); State v. Mims, 619 So.2d 1059 (La.1993).
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Smith, 01-2574, p. 6 (La.1/14/03), 839 So.2d 1, 4. A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. Id. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lobato, 603 So.2d 739, 751 (La.1992). A trial judge has broad discretion when imposing a sentence and a reviewing court may not set aside a sentence absent a manifest abuse of discretion. Smith, 01-2574 at 6, 839 So.2d at 4. On appellate review, the relevant question is not whether another sentence might have been more appropriate, but whether the trial court abused its broad sentencing discretion. Smith, 01-2574, at 6-7, 839 So.2d at 4.
A conviction of possession of Valium provides for a sentence of imprisonment with or without hard labor for not more than five years and, in addition, a possible fine of not more than five thousand dollars. La. R.S. 40:969 C(2). The habitual offender statute, La.R.S. 15:529.1 A(1)(a) provides:
[i]f the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction[.]
Therefore, after being found a second felony offender, the Defendant could have received a sentence which ranged from two and one-half years to ten years. The trial judge sentence the Defendant to the maximum sentence of ten years, stating,
I'll take into consideration the prior felony; and also, I heard the testimony at trial. The Defendant was found guilty of one count, although as I listened to the evidence, I found that I had no *862 reasonable doubt that he was also guilty of possession of heroin and distribution of heroin, based in part on the testimony that did not come in that the jury did not hear. But I had no doubt and still have no doubt that the Defendant did, in fact, commit those offenses.
So having found him guilty as a second felony offender, and taking into consideration his history, I sentence the Defendant to ten years at hard labor.
The Defendant argues that he is not the worst type of offender and this was not the worst type of crime. He further asserts that the cleansing period had almost passed and that he was originally convicted when the cleansing period was five years.[7] In addition, he contends that he was gainfully employed throughout his adult life, has worked at two jobs simultaneously, was married and had a bright future with his wife. Finally, he contends that his sentence should not be based on the other charges to which the jury found him not guilty.
The trial judge heard the Defendant's wife's testimony and testimony relating to his employment. The judge also heard testimony that weapons, Superior Mannitol and a scale were found in the residence, as well as evidence of a prior arrest where cocaine was found in the Defendant's trunk during a traffic stop and the case was refused. This Court has found that "[e]ven if the trial judge was influenced by knowledge of offenses for which defendant was acquitted, there was no abuse of discretion. A sentencing judge may consider a defendant's prior convictions as well as past criminal behavior that did not result in a conviction." State v. Carter, 04-482, p. 15 (La.App. 5th Cir.10/26/04), 888 So.2d 928, 938 [citing State v. Packnett, 03-1446, p. 6-7 (La.App. 5th Cir.4/27/04), 873 So.2d 789, 792].
We find that the trial judge stated sufficient reasons for the sentence imposed. Under these facts, we find that the trial judge did not abuse his discretion in sentencing the Defendant to the maximum sentence for the offense.

PATENT ERROR
The record was reviewed for patent errors in accordance with La.C.Cr.P. art. 920. State v. Oliveaux, 312 So.2d 337, 338 (La.1975); State v. Frazier, 03-1219, p. 8 (La.App. 5th Cir.3/30/04), 870 So.2d 1075, 1079; writ denied 04-1290 (La.10/29/04), 885 So.2d 584.
According to the transcript, the trial judge advised the Defendant that he had two years from the date his sentence becomes final to file for post-conviction relief. This Court has held that the failure to advise a defendant that the prescriptive period runs from the time his conviction and sentence become final is incomplete. State v. Grant, 04-341 (La.App. 5th Cir.10/26/04), 887 So.2d 596, 598 (citing State v. George, 99-887 (La.App. 5th Cir.1/4/00), 751 So.2d 973, 975) (emphasis as found in the original). Although the commitment reflects that the notice included the terms "conviction and sentence," when there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983). Furthermore, the Defendant was advised of the prescriptive period after his original sentencing which was vacated. *863 He was not re-advised when his sentence was enhanced as a habitual offender. Thus, we will remand the case with an order for the trial judge to advise the Defendant by written notice within 10 days of the rendering of this opinion that he has two years from the date his conviction and sentence become final to file his application for post-conviction relief, and then to file written proof in the record that the Defendant received the notice.
Accordingly, the Defendant's conviction, the finding that he is a second felony offender and the enhanced sentence are affirmed. The case is remanded for the trial judge to advise the Defendant by written notice within 10 days of the rendering of this opinion that he has two years from the date the conviction and sentence become final to file his application for post-conviction relief, then to file written proof in the record that the Defendant received the notice.
CONVICTION, FINDING AS A SECOND FELONY OFFENDER AND ENHANCED SENTENCE AFFIRMED; CASE REMANDED.
NOTES
[1] At this point, surveillance had been ongoing for about two months. Guillot died on December 18, 2002. He was a narcotics user and a paid informant.
[2] Guillot was also in the Saturn. The officers were not aware he was in the car at the time.
[3] The driver's license was due to expire on May 18, 2002, 45 minutes after the officers entered the apartment. According to the Defendant and his wife, this license had been lost for a year, and they did not know how it got into the shirt pocket.
[4] The Scientific Analysis Report does not specify whether the evidence analyzed was recovered from the Defendant or Blades. However, the Return on the Search and Seizure Warrant reflects the inventory of property seized from the Defendant's residence. Only one clear plastic bag containing white powder, one foil with off-white powder, and one foil containing five blue pills marked "Z3927/10" were analyzed in relation to the Defendant.
[5] She also identified substances obtained from Blades as heroin, Oxycodone, Valium and Alprazolam.
[6] La.C.Cr.P. art. 727(D) provides that this rule does not limit a defendant's ability to testify in his own behalf. Here, the trial court prohibited the Defendant's testimony as to his location at the time. However, the Defendant does not raise this as an issue and even so, would not have affected the outcome of the trial, or of this appeal.
[7] In 1994, the cleansing period was increased from five years to seven years and then, in 1995, it was increased to ten years. The period in effect at the time Defendant committed the last of the offenses used to enhance the sentence is the period to be applied because a habitual offender proceeding does not charge a new crime. State v. Robinson, 02-530 (La.App. 5th Cir.10/29/02), 831 So.2d 460, 466-467, writ denied, 03-0100 (La.2/13/04), 867 So.2d 676 (citation omitted).